IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-00293-PAB-STV

GILBERT T. TSO

    Plaintiff,

v.

REBECCA MURRAY. *et al*,

Defendants.

## JOINT MOTION FOR STAY

Pursuant to Fed. R. Civ. P. 26, Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Barry Pardus, Michael Dixon, Cynthia Coffman, 2nd District Court, Denver County, CO, the Colorado Department of Human Services ("DHS"), and the Colorado Division of Motor Vehicles ("DMV") (collectively, the "Colorado Defendants") and City and County of Denver, Denver Department of Human Services, Monica Jackson, Lara Delka, Christian Maddy, Jennifer Adelmann, and Don Mares (collectively, the "Denver Defendants") hereby request a stay of discovery and state as follows:

### D.C. COLO. LCiv.R 7.1(a) CERTIFICATION OF CONFERRAL

The undersigned certify that she conferred with Gilbert T. Tso, plaintiff *pro* se, concerning this Motion. Mr. Tso objects to the relief sought herein. No other party objects.

1

## FACTUAL BACKGROUND

1. Mr. Tso filed a Verified Complaint [ECF # 1] hoping to stop the Colorado Defendants and Denver Defendants from garnishing his assets to satisfy his child support obligations. Mr. Tso accuses the Colorado Defendants and the Denver Defendants of Racketeer Influenced and Corruption Organization Act ("RICO") and § 1983 violations. ECF # 1. He also alleges a claim under Colo. Rev. Stat. § 18-17-104, the Colorado Organized Crime Control Act (the COOCA"). *Id.*

2. The Colorado Defendants moved to dismiss Mr. Tso's claims, questioning the subject matter jurisdiction of this Court by asserting, among other defenses, that the Eleventh Amendment bars Mr. Tso's claims against the Colorado's agencies and the official capacity claims against Colorado's employees. *See* The Colorado Defendants' Motion to Dismiss ECF # 20 at pp. 3-4. Additionally, the Colorado Defendants asserted qualified immunity as a defense to the individual capacity claims. *Id.* at p. 7.

3. The Denver Defendants also moved to dismiss Mr. Tso's claims. *See* The Denver Defendants' Motion to Dismiss at ECF# 6. The Denver Defendants argued the Eleventh Amendment bars all claims against the governmental entities and all official capacity claims against its employees. *Id.* at p. 5. The Denver Defendants also moved to dismiss all individual capacity claims based upon qualified immunity. *Id.* at PP. 6-7.

4. An order granting both motions to dismiss would fully and finally dispose of Mr. Tso's entire lawsuit against these Defendants without discovery.

## LEGAL ARGUMENT

5. Rule 26 permits the Court to "make any order which justice requires to protect a party… from annoyance, embarrassment, oppression, or undue burden or expense." In this case, engaging in discovery will be an undue burden and expense, particularly if the Court later grants the Colorado Defendants and Denver Defendants' respective motions. Considering the *String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 U.S. Dist. LEXIS 97388 factors, this Court should exercise its discretionary ability to stay discovery until the court determines whether it has subject matter jurisdiction and whether the defendants sued in their individual capacity have immunity.

6. If the Court determines that it lacks subject matter jurisdiction, it must dismiss this action. Fed. R. Civ. P. 12(h)(3). As relevant to this motion, these Defendants contest going forward with discovery on two grounds. First, Mr. Tso asserts claims against state and city officials, who pursuant to the Eleventh Amendment, cannot be sued in federal court. *See Moss v. Kopp,* 559 F.3d 1155, 1168 n. 13 (10th Cir. 2009). "If the Eleventh Amendment applies, it confers total immunity from suit, not merely a defense to liability." *Ambus v. Granite Bd. Of Educ.,* 995 F.2d 992, 994 (10th Cir. 1993). This means the Colorado Defendants and Denver Defendants are immune from the burdens associated with litigation, including discovery. The "value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice." *Puerto Rico Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.,* 506 U.S. 139, 145 (1993).

7. Second, Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Monica Jackson, Lara Delka, Christian Maddy, Jennifer Adelmann, and Don Mares

3

assert qualified immunity.  When a defendant asserts qualified immunity, the district court should stay discovery until the immunity issue is resolved, *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992), and public employees "are entitled to have such immunity determined as a threshold issue of law before incurring the burdens of litigation."  *Mitchel v. Forsyth,* 472 U.S. 511, 526 (1985).  "[T]he driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved *prior to discovery*," *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (emphasis added).  Qualified immunity is an entitlement to immunity from suit and other demands of litigation.  *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

       8.      Permitting discovery to proceed would impose on Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Monica Jackson, Lara Delka, Christian Maddy, Jennifer Adelmann, and Don Mares the burdens of pretrial litigation, which would distract from their performance of their official duties.  *Harlow v. Fitzgerald,* 457 U.S. 800, 816-17 (1982) (all pretrial matters such as discovery should be avoided where possible because of their disruptive effect on government operations).  The burden on the Colorado Defendants and Denver Defendants expending time on discovery as opposed to their official duties, when the claims against them will likely be dismissed, outweighs any prejudice to Mr. Tso.  *See Benton v. Town of S. Fork & Police Dep't,* 2012 U.S. dist. LEXIS 132901, at * 15 (D. Colo. 2012).

       9.      The granting of this motion will serve the interest of justice and conserve legal resources and judicial time.

WHEREFORE, the Colorado Defendants and Denver Defendants respectfully request that the Court stay all discovery pending ruling on their respective motions to dismiss.

Dated: May 15, 2018.

| | |
|---|---|
| OFFICE OF THE CITY ATTORNEY<br>Human Services Section<br><br>s/ *Robert A. Wolf*<br>Robert A. Wolf<br>Assistant City Attorney<br>1200 Federal Boulevard, 4th Floor<br>Denver, CO 80204<br>Telephone: (720) 944-2626<br>E-mail: robert.wolf@denvergov.org<br>*Attorneys for the Denver Defendants* | PHILLIP J. WEISER<br>Attorney General<br><br>s/ *Allison R. Ailer*<br>ALLISON R. AILER*<br>Assistant Attorney General<br>Civil Litigation & Employment Section<br><br>1300 Broadway, 10th Floor<br>Denver, CO  80203<br>Telephone:  (720) 508-6617<br>FAX:  (720) 508-6032<br>Email:  allison.ailer@coag.gov<br>*Attorneys for the Colorado Defendants*<br><br>*Counsel of Record |

## CERTIFICATE OF SERVICE

I certify that I served the foregoing JOINT MOTION TO STAY upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United State mail, first-class postage prepaid, at Denver, Colorado, this 15th day of May, 2019 addressed as follows:

Gilbert T. Tso, Pro se
3700 Quebec Street #100-228
Denver, CO 80207
Gilbert.tso@gmail.com

*s/ Denise Munger*