IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00293-PAB-STV

GILBERT T. TSO, a natural person and an American,

 Plaintiff,

v.

REBECCA MURRAY, a/k/a Tso, individually,
TANYA AKINS, individually,
SHERR PUTTMANN AKINS LAMB PC, law firm,
JEANNIE RIDINGS, individually,
KILILIS RIDINGS & VANAU PC, a law firm,
RUSSELL MURRAY, individually,
DENA MURRAY, individually,
JOANNE JENSEN, individually,
RICHARD F. SPIEGLE, Psy.D., individually
ELIZABETH A. STARRS, individually,
CHARLES D. JOHNSON, individually,
ROSS B.H. BUCHANAN, individually,
DAVID H. GOLDBERG, individually,
MONICA JACKSON, individually,
LARA DELKA, individually,
CHRISTIAN MADDY, individually, and
JENNIFER ADELMANN, individually,

 Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

   This matter is before the Court on the Order and Recommendation of United

States Magistrate Judge Scott T. Varholak ("the recommendation") filed on August 23,

2019 [Docket No. 73]. Magistrate Judge Varholak recommends that the Court grant the

Colorado Defendants' Motion for Filing Sanctions [Docket No. 29] (the "motion for

sanctions") and impose filing restrictions against plaintiff Gilbert T. Tso.[1]  Magistrate

Judge Varholak also recommends that the Court dismiss plaintiff's Amended Complaint

[Docket No. 52] (the "amended complaint"). Plaintiff filed timely written objections.

Docket No. 74.

The Court will "determine de novo any part of the magistrate judge's disposition

that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it

is specific enough to enable the Court "to focus attention on those issues – factual and

legal – that are at the heart of the parties' dispute."  *United States v. 2121 East 30th*

*Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  In light of plaintiff's *pro se* status, the

Court reviews his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

## I.  BACKGROUND

This case arises from the dissolution of plaintiff's marriage to defendant Rebecca

Murray and the resulting domestic proceedings in Illinois and Colorado.[2]  In an earlier

---

[1] The "Colorado defendants" are Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Barry Pardus, Michael Dixon, Cynthia Coffman, the 2nd District Court, Denver County, CO, Colorado Department of Human Services, and the Colorado Division of Motor Vehicles.  Docket No. 29 at 1.  The motion is joined by the City and County of Denver, Denver Department of Human Services, Monica Jackson, Lara Delka, Christian Maddy, Jennifer Adelmann, Don Mares, Dr. Richard F. Spiegle, Rebecca Murray, Russell Murray, Dena Murray, Joanne Jensen, Tanya Akins, Sherr Puttman Akins Lamb, P.C., and Kililis Ridings & Vanau, P.C.  Docket Nos. 36, 39, 42, 47.  Defendants City and County of Denver, Colorado Department of Human Services, Colorado Division of Motor Vehicles, Denver Department of Human Services, and the 2nd District Court, Denver County, CO were dismissed from this case in the amended complaint.  Docket No. 52.

[2] Because the recommendation contains a detailed statement of the case and its procedural background, the Court discusses only the facts relevant to the resolution of plaintiff's objections.

2

case, the Court dismissed all of plaintiff's claims as barred by the *Rooker-Feldman* doctrine. *See* No. 17-cv-02523-PAB-STV ("*Tso II*"), Docket No. 188.[3] After the Court entered judgment in *Tso II*, plaintiff filed this lawsuit on February 1, 2019. Docket No. 1. On February 4, 2019, in *Tso II*, the Colorado defendants moved to restrict plaintiff from filing additional *pro se* lawsuits in this Court related to the Illinois and Colorado domestic proceedings. *Tso II*, Docket No. 207. On May 15, 2019, the Colorado defendants filed the instant motion for sanctions, which is substantially similar to the motion filed in *Tso II*. Docket No. 29. Plaintiff subsequently filed an amended complaint. Docket No. 52. The amended complaint brings three claims pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, five claims challenging the constitutionality of various orders and statutes, and three state-law claims pursuant to the Colorado Organized Crime Control Act ("COCCA"). *Id.* The magistrate judge *sua sponte* stayed the deadline for defendants to respond to the amended complaint and any further filings made by plaintiff pending a ruling on defendants' motion for sanctions. Docket No. 56. Plaintiff moved for sanctions against defendants for bringing a sanctions motion against him, *see* Docket No. 57, which the magistrate judge denied. Docket No. 61. The Court overruled plaintiff's objection to both orders. Docket No. 68. The Tenth Circuit dismissed plaintiff's appeal of both orders for lack of jurisdiction. Docket No. 69.

On August 23, 2019, the magistrate judge issued this recommendation. Docket No. 73. The magistrate judge recommends granting the motion for sanctions. The

---

[3] Plaintiff has appealed the Court's order dismissing that case to the Tenth Circuit. *Tso II*, Docket No. 192.

recommendation summarizes plaintiff's "long history of filing repetitive claims" and "pursu[ing] numerous facially appropriate motions." Docket No. 73 at 25. The recommendation concludes that, "[b]ecause [plaintiff's] unwillingness to accept the validity of the [Illinois and Colorado domestic proceedings] imposes an undue burden on the Court's and [d]efendants' time and resources . . . the imposition of filing restrictions is warranted." *Id*. The recommendation proposes that plaintiff be barred from filing new actions in this Court related to the Illinois and Colorado domestic proceedings "without the representation of a licensed attorney admitted to practice in the District of Colorado, unless [plaintiff] obtains permission" from the Court to proceed *pro se*. *Id*. at 27-28. The recommendation further outlines a process by which plaintiff can petition for permission to proceed *pro se*. *Id*. at 28.

Additionally, the magistrate judge recommends that this case be dismissed. *Id*. at 29-47. The magistrate judge concludes that, to the extent plaintiff's first RICO claim is not barred by the *Rooker-Feldman* doctrine, the claim fails because (1) the amended complaint fails to allege that the defendants were engaged in "racketeering activity" and (2) the amended complaint fails to establish "continuity." *Id*. at 32-37. The magistrate judge further concludes that plaintiff's second and third RICO claims, as well as all of his constitutional challenges, are barred by the *Rooker-Feldman* doctrine. *Id*. at 37-46. Finally, the magistrate judge recommends that, as all of plaintiff's federal claims required dismissal, the Court should decline to exercise jurisdiction over plaintiff's state-law COCCA claims. *Id*. at 46-47.

On September 18, 2019, the Court granted the motion for filing restrictions in *Tso II*.  Docket No. 227.  In that order, the Court adopted the same filing restrictions on plaintiff that the magistrate judge proposes in the recommendation.  *Compare* Docket No. 73 at 27-28 *with Tso II*, Docket No. 227 at 9-10.[4]

## II.  MOTION FOR SANCTIONS

The Court turns first to the recommendation on defendants' motion for sanctions. Because "the right of access to the courts is neither absolute nor unconditional," federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  *Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989).  Filing restrictions are proper where (1) a "litigant's abusive and lengthy history is properly set forth," (2) the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action," and (3) the litigant receives "notice and an opportunity to oppose the court's order before it is instituted." *Id*. at 353-54; *United States v. Coleman*, 707 F. App'x 563 (10th Cir. 2017) (unpublished).

The Court understands plaintiff to be making four objections to the recommendation: (1) there is no merit to the contention that plaintiff is an abusive litigant; (2) it is premature to conclude that *Rooker-Feldman* bars all of plaintiff's claims; and (3) the proposed filing restrictions are not the least-restrictive means of enjoining plaintiff's behavior.  Docket No. 74 at 4-5, ¶ 10.

---

[4] Plaintiff has appealed the order to the Tenth Circuit.  *Tso II*, Docket No. 228.

5

Plaintiff's argument that the magistrate judge failed to establish that plaintiff is an abusive litigant is without merit. The magistrate judge's recommendation carefully sets out plaintiff's extensive litigation history, both in the Illinois and Colorado state proceedings and in federal court. *See* Docket No. 73 at 9-27. The recommendation describes all four of plaintiff's federal cases in this District, in which plaintiff has repeatedly pursued both "facially inappropriate motions" – e.g. repeatedly moving for temporary restraining orders against defendants and Fed. R. Civ. P. 11 sanctions against defendants' counsel – and claims for which both this Court and the Tenth Circuit have made clear that plaintiff is "not entitled to any relief." *See id*. at 25.

Plaintiff contends that his filing history is not "lengthy and abusive" under *Tripati* because he has only brought four actions in this Court. *See* Docket No. 74 at 5-6 (noting that the abusive litigants in the cases cited in *Tripati* entered between thirty-seven and 700 complaints). However, there is no support in the post-*Tripati* case law for the proposition that a litigant must file a certain number of abusive actions before a court may impose filing restrictions. *See, e.g.*, *Coleman*, 707 F. App'x 563 (affirming filing restrictions against litigant who filed "six motions and two civil lawsuits"); *Calvin v. Lyons*, 770 F. App'x 433, 434 (10th Cir. 2019) (unpublished) (affirming filing restrictions against litigant after filing four civil actions). The Tenth Circuit has, for example, affirmed filing restrictions placed on a litigant who "filed multiple lawsuits in federal court, all but one related to the same state divorce and custody proceedings." *See Blaylock v. Tinner*, 543 F. App'x 834, 836 (10th Cir. 2013) (unpublished). The litigant continued to file lawsuits despite being informed that his claims were barred by the

*Rooker-Feldman* doctrine, which the Court described as "painting new veneers on essentially the same claim." *See id.* The Court has no difficulty finding that, like the litigant in *Blaylock*, plaintiff's repetitive attempts to relitigate the Illinois and Colorado domestic proceedings in federal court in Colorado are sufficiently numerous as to merit filing restrictions.

Moreover, this case is unlike *Tripati* and the other cases plaintiff relies upon involving the filing of a large number of cases in that those cases involve plaintiffs who file a large volume of cases on different subjects against different defendants. By contrast, plaintiff continues to file cases against mostly the same defendants based on the same dispute. Plaintiff's conduct merits filing restrictions, despite plaintiff filing fewer cases than the plaintiff in *Tripati*, because plaintiff is ignoring the jurisdictional defect common to each of his cases and shows no sign of abating his practice of filing new cases (with the same jurisdictional defect) after one of his current cases is dismissed. The magistrate judge's proposed filing restrictions take this distinction into account by tailoring the restrictions to the subject matter of plaintiff's past filings in the District of Colorado.

The Court also agrees with the magistrate judge, contrary to plaintiff's assertions, that plaintiff's litigation history is "abusive." *See* Docket No. 73 at 25 (noting that plaintiff's litigation history has "impose[d] an undue burden" on defendants' time and resources); *Calvin*, 770 F. App'x at 435 (noting that a plaintiff's "relentless pursuit of an order that a federal court cannot issue" can become abusive even though his or her "intentions may be innocent"). Thus, the Court will overrule plaintiff's first objection.

Plaintiff's second objection argues that it is "premature" to argue that his claims are barred by *Rooker-Feldman*. Docket No. 74 at 8-11. As an initial matter, plaintiff's right to appellate review in this case is not affected by the proposed filing restrictions. If the Tenth Circuit disagrees with the Court's disposition of this action, this case will continue. However, the Tenth Circuit has already held that plaintiff's claims arising out of the Illinois and Colorado domestic proceedings in 16-cv-02480-WJM-STV were barred by *Rooker-Feldman*. *See Tso v. Murray*, 760 F. App'x 564, 567-68 (10th Cir. 2019) (unpublished) ("*Tso I*") (noting that, except for "one insignificant exception," "the harms for which [plaintiff] seeks relief . . . all result from state-court judgments"). Plaintiff has not articulated a persuasive reason why his claims would fare any better were he permitted to file more lawsuits arising out of the same set of facts.[5] It is evident from plaintiff's objection that he continues to ignore that the *Rooker-Feldman* doctrine deprives the Court of jurisdiction over his challenges to the Illinois and Colorado domestic judgments. *See* Docket No. 74 at 8-11; *see also Tso II*, Docket No. 188 at 20 ("The problem with plaintiff's claims is not that his pleadings are less skillful. It is that

_____

[5] Plaintiff suggests that his pleadings satisfy Federal Rule of Civil Procedure 11(b)(2), which requires an unrepresented party to certify that its legal contentions are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." However, the source of the Court's power to "enjoin litigants who abuse the court system by harassing their opponents" is the All Writs Act, 28 U.S.C. § 1651(a) – not Rule 11 exclusively. *See Tripati*, 878 F.3d at 232; *Cotner v. Hopkins*, 795 F.2d 900, 902-903 (10th Cir. 1986) (noting the "inherent power of federal courts to regulate the activities of abusive litigants").

they allege conduct that Congress has barred this Court from reviewing.").[6] Thus, the Court will overrule plaintiff's second objection.

Finally, plaintiff objects that the proposed filing sanctions are not the least-restrictive means of addressing his filing behavior. Docket No. 74 at 11-12. Plaintiff suggests that the Court should allow plaintiff to continue "unencumbered" as a *pro se* litigant with the assistance of a "second chair" attorney who "serves at the pleasure of" plaintiff. *Id*. The Court disagrees. Plaintiff does not cite – and the Court has not found – any Tenth Circuit authority applying a least-restrictive means analysis in crafting filing restrictions.[7] Moreover, there is no basis for allowing plaintiff to continue *pro se* with "assistance" from a second-chair attorney. Plaintiff fails to explain why this option is superior to the restriction proposed in the recommendation, which requires plaintiff to obtain representation from a licensed attorney admitted to practice in this District in order to file a new action related to the subject matter identified herein. The Court does not believe that allowing plaintiff to continue with "assistance" from an attorney is

_____

[6] Plaintiff asserts that "[e]very time a state actor . . . acts on any matter relating to [p]laintiff's existing claims," plaintiff is allowed "an opportunity to refile his claims under a new lawsuit, and an opportunity to cure a prior jurisdictional defect." Docket No. 74 at 9. There is no basis for this pronouncement in the case law. Plaintiff's assertion that he has a nearly unlimited right to continue to file actions against the same defendants, even when it has been made clear to him that the jurisdictional defects cannot be cured, confirms to the Court that filing restrictions are appropriate. *See Ute Indian Tribe of the Uintah and Ouray Reservation v. Utah*, 790 F.3d 1000, 1003 (10th Cir. 2015) (noting that the legal system depends on the principle that "both sides must accept – or, if need be, they must be made to respect – the judgments it generates").

[7] Plaintiff suggests that the effect of the filing sanctions is to make him a "'person of unsound mind' and a ward of the court." Docket No. 74 at 11. This contention is meritless.

adequate to ensure that plaintiff's pattern of abusive and lengthy filings on this subject matter will cease.

The Court is satisfied that filing restrictions against plaintiff are appropriate. Accordingly, the Court will adopt the filing restrictions proposed in the recommendation, which are identical to the filing restrictions already adopted by the Court in *Tso II*, Docket No. 227.

## III.   DISMISSAL OF THE AMENDED COMPLAINT

The magistrate judge recommends that the Court dismiss all claims in plaintiff's amended complaint.  Docket No. 73 at 29-47.  The Court understands plaintiff to be making three objections to the recommendation: (1) the amended complaint adequately alleges pattern and continuity, as required for plaintiff's first RICO claim; (2) the *Rooker-Feldman* doctrine does not bar the Court from reviewing state court orders where the underlying actions producing the orders were not "lawful," and plaintiff's other two RICO claims and five constitutional claims should thus be allowed to proceed; and (3) the magistrate judge erred in dismissing plaintiff's three state-law claims for lack of subject matter jurisdiction.  Docket No. 74 at 12-15.

Plaintiff's first objection is unsuccessful.  "RICO provides a cause of action for those injured in business or property by reason of prohibited racketeering activities." *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).  In order to state a claim under RICO, a plaintiff must allege that he was harmed by: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Id*.  "A pattern of racketeering activity must include at least two predicate acts."  *Gillmor v. Thomas*, 490 F.3d 791, 797 (10th

10

Cir. 2007) (quotation omitted). The crux of plaintiff's first RICO claim is that defendants Rebecca Murray, Russell Murray, Dena Murray, Joanne Jensen, Dr. Richard Spiegle, Jeannie Ridings, Tanya Akins, Kililis Ridings & Vanau PC, and Sherr Puttmann Akins Lamb PC, through litigation misconduct, caused plaintiff to suffer injuries, specifically the loss of certain real property in Illinois and the loss of assets required to finance litigation against the defendants. Docket No. 52 at 83-85, ¶¶ 317-19. The magistrate judge concluded that plaintiff's first RICO claim is futile because, to the extent the claim alleges that plaintiff suffered injuries due to alleged litigation misconduct and is thus not barred by the *Rooker-Feldman* doctrine, (1) defendants' alleged conduct in the first RICO claim in the amended complaint is not "racketeering activity" within the meaning of RICO and (2), even if the conduct is racketeering activity, the amended complaint does not establish a "pattern" of racketeering activity because the non-conclusory allegations in the complaint do not establish "continuity." Docket No. 73 at 32-37.

Plaintiff argues that the amended complaint alleges more than two predicate acts of racketeering activity, referring generally to dozens of paragraphs of allegations in the amended complaint. Docket No. 74 at 14.[8] However, in order to avoid *Rooker-Feldman* problems, the RICO claim must allege harms to plaintiff that are not incidents

_____

[8] As the magistrate judge points out, plaintiff's prolix amended complaint, consisting of 449 paragraphs spread over 122 pages, is "somewhat convoluted and difficult to follow." Docket No. 73 at 29. The Court agrees with the magistrate judge that the amended complaint violates Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (noting that a violation of Rule 8(a) is "sufficient reason to dismiss [a] complaint" without prejudice and that it is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading").

of a state court order. *See Tso I*, 760 F. App'x at 568 n.1. Moreover, any possible

predicate acts for the RICO claim must not implicate *Rooker-Feldman*. *See Tal v.*

*Hogan*, 453 F.3d 1244, 1262 n.19 (10th Cir. 2006) (holding that an alleged predicate

act that cannot be considered "without calling into question the validity of the state court

judgment" is precluded by *Rooker-Feldman*). Thus, although plaintiff asserts that the

complaint establishes more than two predicate acts, he fails to explain why the

magistrate judge erred in concluding that consideration of those predicate acts were

precluded and fails to identify which predicate acts specifically support his RICO claim.

The Court agrees with the magistrate judge's analysis: the alleged injuries to plaintiff

related to the litigation of his domestic relations proceedings in state court were not the

result of "racketeering activity" within the meaning of RICO. *See* Docket No. 73 at 33-

35.[9]

The Court further agrees with the recommendation that, even assuming that

plaintiff has adequately alleged the requisite predicate acts of racketeering activity, the

amended complaint does not satisfy the continuity requirement. An alleged

racketeering scheme "directed at one individual with no potential to extend to other

persons or entities" does not satisfy the continuity requirement. *SIL-FLO, Inc. v. SFHC,*

*Inc.*, 917 F.2d 1507, 1516 (10th Cir. 1990) (recognizing that, "[i]n enacting the RICO

statute, 'Congress was concerned . . . with long-term criminal conduct'" (quoting

*Northwestern Bell*, 492 U.S. at 242)); *see also Pagel v. Wash. Mut. Bank, Inc.*, 153 F.

---

[9] The Court further agrees with the magistrate judge's conclusion that the alleged
conduct supporting the RICO claim does not constitute, as plaintiff alleges, "peonage,
forced labor, human trafficking, extortion and robbery, wire fraud, tampering with a
witness, or retaliating against a witness." *See* Docket No. 73 at 34-35 and n.18.

App'x 498, 502 (10th Cir. 2005) (unpublished) ("In this circuit, it is well established that a single scheme to accomplish one discrete goal, directed at a finite group of individuals, with no potential to extend to other persons or entities, rarely will suffice to establish a threat of continuing racketeering activity.").  Again, the crux of plaintiff's first RICO claim is that certain defendants, through litigation misconduct, caused plaintiff to suffer injuries.  Docket No. 52 at 83-85, ¶¶ 317-19.  As the magistrate judge points out, there are no non-conclusory allegations made against the defendants named in the first RICO claim that plausibly allege a clear threat of future criminal conduct by those defendants.  *See* Docket No. 73 at 36.  Other than conclusory suggestions that the defendants named in the first RICO claim "engaged in various efforts . . . to continue to wage their campaign of 'parentectomy,'" *see* Docket No. 52 at 25, ¶ 90, the complaint alleges no other "persons or entities" targeted by the defendants named in the first RICO claim.  *See SIL-FLO*, 917 F.2d at 1516.[10]  As in *Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545 (10th Cir. 1992), "[p]laintiff[] allege[s] what is actually a closed-ended series of predicate acts constituting a single scheme . . . to establish a discrete goal directed at a finite group of individuals 'with no potential to extend to other persons or entities,'" which is insufficient to establish continuity.  972

_____

[10] In his objections, plaintiff asserts that the amended complaint adequately alleges future criminal conduct in ¶ 295, which alleges that, going forward, "[a]ny one or several of the defendants can constitute a . . . racketeering enterprise to again act in cahoots with corrupt influences to ensnarl new victims . . . creating and perpetuating a system of peonage and human trafficking."  *See* Docket No. 52 at 80-81, ¶ 295.  This allegation is conclusory and insufficient to establish continuity.

F.2d at 1556 (quoting *SIL-FLO*, 917 F.2d at 1516). Thus, the Court agrees with the

magistrate judge that plaintiff's first RICO claim is futile.[11]

Plaintiff's second objection is similarly unpersuasive. Plaintiff suggests that he

may overcome the *Rooker-Feldman* doctrine by asserting that the acts of the state

court judges that produced the judgment "were in fact unlawful." Docket No. 74 at 12;

*see also* Docket No. 76 at 7 (arguing that allegations that state judges committed "fraud

upon the court" can overcome *Rooker-Feldman*).[12] However, this argument does not

allow plaintiff to overcome *Rooker-Feldman*. *See Tso II*, Docket No. 188 at 17

("[B]ringing in the judges [in a state-court proceeding] as alleged racketeers does not

allow for what is, in essence, a collateral attack on a child support order."); *see also*

*Bradshaw v. Gatterman*, 658 F. App'x 359, 362 (10th Cir. 2016) (unpublished) (noting

that Tenth Circuit precedent does not support the theory that evidence of "extrinsic

fraud" can overcome *Rooker-Feldman*)). Similarly, the Tenth Circuit and this Court

have previously rejected plaintiff's argument that, because his claims are challenging

---

[11] Plaintiff suggests that the Court's decision to stay discovery "denied [him] an opportunity . . . to conclusively show continuity" by examining defendants' documents. Docket No. 74 at 14. As an initial matter, plaintiff cites an outdated legal standard for Rule 12(b)(6) motions. *See id.* (citing *Conley v. Gibson*, 355 U.S. 41 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Setting that aside, plaintiff's complaint does not need to "conclusively" show continuity; rather, it must adequately allege facts that, taken as true, show continuity. *See Twombly*, 550 U.S. at 570 (noting that a complaint must allege "enough facts to state a claim to relief that is plausible on its face"). This the amended complaint fails to do.

[12] Plaintiff appears to argue that certain facts related to the state court proceedings were admitted because defendants did not deny them in their motions to dismiss. Docket No. 74 at 12. This argument is baseless, as defendants who file a motion to dismiss under Rule 12(b) are not required to admit or deny factual allegations made by a plaintiff.

"[e]nforcement actions," they are not barred by *Rooker-Feldman*. *See, e.g.*, *Tso v. Murray*, 760 F. App'x 564, 568 (10th Cir. 2019) (unpublished) ("*Tso I*") (holding that *Rooker-Feldman* bars claims based on "deprivations that resulted from the state courts' *orders*") (emphasis added); *Tso II*, Docket No. 188 at 15-16 (noting that plaintiff's claims "would require the Court to conclude that 'the state court wrongfully entered its judgment' as a result of illegal activity") (quoting *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012)); *id.*, Docket No. 220 at 6-7 (holding that "there is no basis to conclude that the 'interstate debt obligation' alleged in the complaint is reviewable"). Plaintiff fails to offer any legal basis for the Court to conclude that plaintiff's two remaining RICO claims and his constitutional claims are not barred by the *Rooker-Feldman* doctrine.[13]

Finally, plaintiff's contends that his state law claims are reviewable under 28 U.S.C. § 1367. However, as the Court has already dismissed the causes of action that raise a federal question, under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over the state-law claims that remain. *See Carroll v. Lawton Indep. Sch. Dist. No. 8*, 805 F.3d 1222, 1230 (10th Cir. 2015) (concluding district court did not abuse discretion in declining supplemental jurisdiction over state

---

[13] Plaintiff suggests that "the Magistrate Judge and this Court failed to objectively consider the facts and allegations" made in the amended complaint. Docket No. 74 at 13. The Court finds no merit to this argument. The Court previously rejected one of plaintiff's attempts to remove Magistrate Judge Varholak from a case filed by plaintiff, *see Tso II*, Docket No. 48, and repeatedly rejected plaintiff's argument that Magistrate Judge Varholak had demonstrated prejudice and hostility toward plaintiff. *See* Docket No. 68 at 2; *Tso II*, Docket No. 188 at 16.

law claims after dismissing federal claims).  Thus, the Court overrules plaintiff's third

objection and will dismiss his state-law claims.[14]

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Order and Recommendation of United States Magistrate

Judge [Docket No. 73] is accepted.  It is further

**ORDERED** that Plaintiff's Objections to Magistrate Judge's Recommendations

[ECF #73] [Docket No. 74] are overruled.  It is further

**ORDERED** that the Colorado Defendants' Motion for Filing Sanctions [Docket

No. 29] is granted.  It is further

**ORDERED** that plaintiff Gilbert T. Tso shall continue to be subject to the filing

restrictions imposed by the Court in *Tso II*.  *See Tso II*, Docket No. 227 at 9-10.  It is

further

**ORDERED** that plaintiff's First Claim is **DISMISSED WITH PREJUDICE**.  It is

further

---

[14] On October 20, 2019, plaintiff filed (1) a motion to set aside this Court's order [Docket No. 68] which affirmed the magistrate judge's orders staying the proceedings pending the resolution of defendants' motion for sanctions and denying plaintiff's motion for sanctions, Docket No. 77, and (2) a motion for temporary restraining order and preliminary injunction enjoining defendants from taking enforcement actions against plaintiff.  Docket No. 78.  On February 18, 2020, Magistrate Judge Varholak issued a recommendation that the Court deny plaintiff's motion for a temporary restraining order and preliminary injunction.  Docket No. 88.  Although plaintiff filed objections, Docket No. 89, he does not appear to offer any argument that his motion would not be mooted by the Court dismissing the case in its entirety.  Thus, given the disposition of this case, both motions are denied as moot, and the Court adopts the recommendation to the extent that it recommends that the Court deny plaintiff's motion.

**ORDERED** that plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  It is further

**ORDERED** that Plaintiff's Emergency Motion to Set Aside and for Relief from Order, ECF # 56, 61, and #68; and Order to Show Cause [Pursuant to Fed.R.Cv.P. 52(a), 60(b) and 60(d)] [Docket No. 77] is **DENIED AS MOOT**.  It is further

**ORDERED** that Plaintiff's Emergency Motion for Order to Show Cause – Temporary Restraining Order and Injunction [Pursuant to Fed.R.Cv.P. 65] [Docket No. 78] is **DENIED AS MOOT**.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 88] is **ACCEPTED IN PART**.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed.


DATED March 9, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge