1

2
## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

3

4
Civil Action No: 19-CV-0293-PAB-STV

5

| | |
|---|---|
| Gilbert T. Tso, a natural person and an American, | ) Article III, Court of Records |
| | ) Common Law |
| Plaintiff, | ) |
| | ) Verified Complaint for: |
| v. | ) |
| | ) ================================ |
| Rebecca Murray (a.k.a. Tso), et al., | ) Civil RICO; Violations of Civil Rights, States & |
| | ) Federal Statutes; Injunctive Relief (Sought) |
| | ) |
| Defendants. | ) Demand for Trial by Jury where permitted. |
| | ) |

6

7

8

9

10

11

**Plaintiff's Motion Pursuant to**
**Fed.R.Cv.P. 62.1 for an Indicative Ruling**
**on a**
**Fed.R.Cv.P. 60 (b)(2) and (b)(6), (d)(1) Motion for Relief from Judgment, ECF # 91; and**
**from Order, ECF # 90**

12

13

14      Pursuant to Fed.R.Cv.P. 62.1, your Plaintiff, Gilbert T. Tso, *Pro Se/Pro Per/Sui Juris*,

15 respectfully submits his *MOTION for Indicative Ruling* on Plaintiff's accompanying *MOTION*

16 *for Relief from Judgment, ECF #91; and Order, ECF #90,* pursuant to Fed.R.Cv.P. 60 (b)(2) and

17 (b)(6), requesting this Honorable Court provide relief as allowed including those pursuant to

Fed.R.Cv.P. 60 (d)(1).

18      Plaintiff now moves this Honorable Court for an indicative ruling pursuant to Fed.R.Cv.P.

19 62.1 concerning his Fed.R.Cv.P. 60 (b)(2) and (b)(6) *MOTION for Relief from Judgment* to take

20 notice of new facts previously unavailable that are highly relevant to Plaintiff's FIRST CLAIM;

21 and that these facts could not have been discovered in time to move for a new trial under

Fed.R.Cv.P. 59(b).  Plaintiff further moves for a favorable ruling to set aside Final Judgment,

22 ECF #91, and post-judgment Order, ECF #90, as applied to Plaintiff's FIRST CLAIM

23

24

1

2
accordingly; and to reopen Plaintiff's First Claim for hearing of these new facts and for limited
3
discovery as required and befitting under due process.
4
    This *MOTION* is timely entered as Final Judgment regarding Plaintiff's Amended
Complaint, ECF #52, specific to Plaintiff's FIRST CLAIM, was entered on March 10, 2020 and
5
the relevant new facts were first disclosed by independent third parties to Plaintiff on September
6
26, 2020.

7
### MEMORANDUM OF LAW AND CIVIL PROCEDURES

8
1.  Fed.R.Cv.P. 62.1 states:
9
    (a) *Relief Pending Appeal*. If a timely motion is made for relief that the court lacks
10
        authority to grant because of an appeal that has been docketed and is pending, the
        court may:
11
        (1) defer considering the motion;
12
        (2) deny the motion; or
13
        (3) state either that it would grant the motion if the court of appeals remands for
            that purpose or that the motion raises a substantial issue.
14
    (b) *Notice to the Court of Appeals*. The movant must promptly notify the circuit clerk
15
        under Federal Rule of Appellate Procedure 12.1 if the district court states that it
16
        would grant the motion or that the motion raises a substantial issue.
17
    (c) *Remand*. The district court may decide the motion if the court of appeals remands
18
        for that purpose.
19
2.  Fed.R.Cv.P. 60 (b) and 60 (d) state in relevant parts:
20
    (b) *Grounds for Relief from a Final Judgment, Order, or Proceeding*. On motion and
just terms, the court may relieve a party or its legal representative from a final
21
judgment, order, or proceeding for the following reasons:
        :
22
        (2) newly discovered evidence that, with reasonable diligence, could not have
        been discovered in time to move for a new trial under Rule 59(b);
23
        :
24

(6) any other reason that justifies relief.

(d) *Other Powers to Grant Relief*. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

:

3. Federal Rules of Appellate Procedure 12.1 states:

(a) *Notice to the Court of Appeals*. If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.

(b) *Remand After an Indicative Ruling*. If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

4. When faced with a Rule 62.1 motion, a district court has three options: defer consideration of the motion until after the appellate court returns the mandate; deny the motion; or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Rule 62.1 has been most often used in tandem with Rule 60(b) motions grounded in either fraud or newly discovered evidence, as in *Retirement Board of the Policemen's Annuity & Beneficiary Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013) (noting that the drafting history of Rule 62.1 indicated it was originally meant to be an addition to Rule 60, but was later broadened).

5. To ensure proper coordination of proceedings in the district court and in the appellate court, the movant must notify the circuit clerk under Federal Rule of Appellate Procedure 12.1

1

2    if the district court states that it would grant the motion or that the motion raises a substantial

3    issue. Remand is in the court of appeals' discretion under Appellate Rule 12.1.

4    ### CAUSE AND JUSTIFICATION FOR MOTION ON NEW FACTS AND

5    ### ALLEGATIONS

6    6.   Pursuant to Fed.R.Cv.P. 60(b)(2) and (b)(6), 60(d)(1), and pursuant to Fed.R.Cv.P. 62.1 as

7    jurisdiction presently sits with the U.S. Court of Appeals for the Tenth Circuit under Case No.

8    20-1142 which also implicates Fed.R.App.P. 12.1, Plaintiff has good cause and justification for

     this MOTION as:

9          (i)    Plaintiff's Amended Complaint and pleadings alleged defendants Akins, SPAL

10                PC, Spiegle, Ridings and KRV PC engaged in multiple schemes and artifices

11                to defraud victims through a pattern of racketeering; and their actions directed

12                at Plaintiff's custody dispute involving defendant Rebecca are common

                  practice throughout the Enterprise that is the domestic relations courts of

13                Colorado and Illinois.  Plaintiff supported his claims with facts and inferential

14                allegations, contending that *pattern* as an element of his 18 U.S.C. §1962 claim

15                pursuant to the RICO ACT, exists and pervades so long as these defendants

16                operate within the Enterprise.  Plaintiff alleged and argued that defendants are

                  an ever-present risk and danger to other victims until and unless they are

17                removed from the Enterprise entirely; and that other victims can be located

                  through discovery.

18         (ii)   However, upon defendants' joint motions to stay discovery pending a ruling on

19                their motions to dismiss, this Court denied Plaintiff all discovery preventing

20                Plaintiff from the benefit of this Court's authority to compel defendants to

                  disclose information vital to Plaintiff's inferential allegations.  Consequently,

21                in its discretion this Court on March 10, 2020 dismissed Plaintiff's FIRST

22                CLAIM based on an insufficient pleading of *pattern* element of his 18 U.S.C.

                  §1968 claim, and specifically for failure to show *continuity* or its plausibility.

23

24

(iii)   Plaintiff entered Notice of Appeal on April 8, 2020 and jurisdiction of this matter transferred to the United States Court of Appeals for the Tenth Circuit on May 7, 2020.

(iv)   Since May 7, 2020 Plaintiff has obtained new evidence showing that the pattern of racketeering and corrupt practices by defendants alleged in Plaintiff's Amended Complaint extends to include other practitioners within the family court network affiliated with defendants, herein specifically Akins, SPAL PC and Spiegle, and involves multiple victims.  These new facts further support Plaintiff's allegations, inferential or otherwise, that the artifices to defraud described in the Amended Complaint are endemic and constitute common practice throughout the Enterprise.  As stated in Plaintiff's complaint and pleadings, unless defendants are removed from the Enterprise, their corrupt practices will continue as these networks and relationships remain, creating an ever-continuing series of new victims.  This is precisely the *pattern* element that RICO claims are required to show, inferred or otherwise, and that due process demands discovery under the authority of the trial court.

(v)   Due to the Court's granting of a stay of all discovery pending resolution of defendants' motions to dismiss, Plaintiff was unable to timely establish whether defendants Akins, SPAL PC, Spiegle, Ridings and KRV PC had collaborated among them in other family court litigation creating other victims.  Indeed, without this Court's authority to compel defendants to disclose of such facts, Plaintiff was left with the heavy burden to timely provide facts to support his inferential allegations.

7.   New Facts and Allegations Raise Substantial Issues that Warrant Relief and Discovery.

(i)   On September 18, 2020 Plaintiff received an unsolicited voicemail from a private party, at the time unknown to Plaintiff, seeking an opportunity to discuss matters specific to their complaint against defendant Dr. Richard

1

2      Spiegle[1]; this complaint is registered with Colorado Department of Regulatory

3      Agencies (CO DORA) case no. 2020-5533.  On information and belief,

       officials from Denver County/Jefferson County Child Protective Services

4      (CPS) are also investigating.

5      (ii)    On September 26, 2020 Plaintiff met with this party in Jefferson County,

6              Colorado.  Plaintiff was informed they were referred to Plaintiff's federal

               pleadings by a colleague of theirs who remains unknown to Plaintiff.

7

8      (iii)   During this meeting, Plaintiff learned that defendant law firm SPAL PC and

               defendant Tanya Akins initially represented this party in divorce and custody

9              litigation before the Denver District Court for a period between 2015 to 2016.

10             As the attorney of record for this party, defendant Akins brought Dr. Gene

               Gross and Dr. William Fyfe to serve as forensic evaluators; and later in 2017

11             Dr. Spiegle was assigned by the court to serve as the family's therapist.

12     (iv)    After defendant Spiegle got involved with the family, defendants Akins and

13             SPAL PC were fired by this party, and Drs. Gross and Fyfe were no longer on

               the case.  On information and belief, this party fired Akins and SPAL PC for

14             cause, but defendant Spiegle remained on their case per court order as the

15             family's therapist.

16     (v)     Plaintiff attests to his conversation with this party and from this conversation,

17             on information and belief, this CO DORA complaint is well supported with

               physical exhibits and records; the charges are detailed and also well

18             documented.  At the pleasure of this Court, and in the interest of justice,

19             Plaintiff urges this Court issue a federal subpoena to produce under seal a copy

               of this complaint.

20

21     (vi)    Between October 11 through October 18, 2020, an associate familiar with

               Plaintiff's federal RICO lawsuit helped facilitate several meetings between

22

23     _____

       [1] STATE OF COLORADO DEPT. OF REGULATORY AGENCIES Complaint No. 2020-5533.

24

Plaintiff, the party filing the CO DORA complaint against Spiegle, and other victims.  These meetings produced additional facts, including the following:

a.  Records and documentation exist showing networks of attorneys, law firms, psychologists and psychiatrists acting in cahoots to corrupt the domestic relations courts across Colorado, predominantly in Denver, Arapahoe, Jefferson, Adams, Weld, Boulder, and Douglas counties.

b.  Plaintiff was told by victims of one such network comprised of the following agencies of attorneys and custody evaluators (Psy.D.'s and M.D.'s) who have or had associations with certain law firms:

   i.   The attorneys include Tanya Akins, David A. Lamb; Daniel Deasy; Elizabeth Bonanno; Diane Wozniak; and Katie Ahles.

   ii.  The custody evaluators include Dr. Richard Spiegle, Dr. William Fyfe, Dr. Gene D. Gross, Dr. Dana L. Cogan, MD (ret.), Edward C. Budd, Ph.D, Kathleen McNamara, Ph.D. PLLC; Katz & Loizeaux Forensics Services LLC; Marian Camden Psy.D. LLC; Barbara Shindell LCSW; and

   iii. The law firms are alleged to be Gutterman Griffiths PC a.k.a. Griffiths Law PC; Sherr Puttman Akins Lamb PC; GEM Family Law; Springer & Steinberg PC; McGuane and Hogan, PC a.k.a. Hogan Omidi, PC; and Sherman & Howard LLC.

c.  In the multiple incidents alleged by victims involving falsified reports and unsupported allegations, the law firms of Gutterman Griffiths PC and Sherman & Howard LLC were often associated with Drs. William Fyfe, Gene Gross, Dana L. Cogan MD, Richard Spiegle, Edward C. Budd Ph.D., and Katz & Loizeaux Forensics Services.  On information and belief, these law firms routinely collaborate with this network of psychologists and psychiatrist to fuel high conflict custody disputes and to fix litigation outcomes for personal enrichment.

d.  This network of lawyers and custody evaluators operates in collusion to manipulate outcomes in custody litigation for personal enrichment, using omissions, falsified reports, and unsupported allegations to fuel high conflict family court disputes.  Victims have also alleged custody

evaluations were deliberately fixed in exchange for cash compensation and bribes.

e.  On information and belief, victims of this network of lawyers and custody evaluators who spoke with Plaintiff attested to having incurred significant legal and professional fees ranging from $150,000 upwards to over $1.2 million per case from having to litigate unfounded allegations and intentional misrepresentations.

f.  Dr. Gene D. Gross, a member of this network, was recently investigated regarding multiple custody cases, was sanctioned and had his professional license to practice psychology suspended by the State of Colorado pending disciplinary proceedings.[2]   On information and belief, Dr. Gross is a close professional associate of Dr. Fyfe, and likely of Dr. Richard Spiegle; all are members of this network of corrupt lawyers and custody evaluators.

g.  Prior to joining defendant Sherr Puttman Akins Lamb PC, defendant Tanya Akins worked for Gutterman Griffiths PC.  On information and belief, Gutterman Griffiths PC a.k.a. Griffiths Law routinely employs several of these corrupt custody evaluators, such as Drs. Gross, Fyfe and Spiegle.

(vii)   On information and belief, this is no coincidence as the acts of racketeering and corruption perpetrated by Akins, Spiegle and SPAL PC against Plaintiff are practices both common and widespread throughout the Enterprise [see above, ¶ 7(i)-(vi); see also, ECF # 52 @ ¶¶ 93-95].

(viii)   On information and belief, it was not coincidental that Akins and Spiegle approached the Denver District Court in *ex-Parte* communications to use Spiegle as a forensic evaluator while Spiegle was separately engaged as a therapist for Plaintiff's child.  Based on these new facts, Plaintiff now supports with facts his earlier allegation that defendants Akins, Rebecca and SPAL PC intentionally set out to use Spiegle, in a forensics capacity to later testify

---

[2] Sanctions were imposed by the State of Colorado against Dr. Gene D. Gross, CO License No. PSY.0004086, due to a summary suspension entered by CO DORA, effective 9/1/2019.

against Plaintiff, for the purpose of fixing then ongoing custody litigation's outcome.

8.   The significance of the new facts and the subsequent revelations rest with the associations of defendants Akins, SPAL PC, and Spiegle with other bad actors operating within the Enterprise.  These actors are alleged and have been known to falsify records and to corruptly influence court proceedings to set outcomes for personal enrichment.  Importantly, at least one member of this network was recently sanctioned and had his professional license summarily suspended by the State of Colorado pending disciplinary proceedings [see above, ¶ 7(vi)(f)].

9.   On information and belief, defendants Akins, SPAL PC and Spiegle engaged in schemes and racketeering practices that are both common and widespread throughout the Enterprise; and that Akins, SPAL PC and Spiegle are intimately familiar with these schemes from their long-standing collaboration with other bad actors within the Enterprise.  These new facts support Plaintiff's prior inferential allegations.  In the interest of justice, this Court should grant relief from judgment to allow discovery to proceed as relates to the First Claim.

## **ARGUMENT**

10. The District Court wrongly concluded it lacked subject matter jurisdiction due to *Rooker-Feldman*, and consequently denied Plaintiff *all* discovery.  Having abused discretion, the District Court then erred in law dismissing Plaintiff's First Claim, despite factual and inferential allegations that 18 U.S.C. §1962 defendants Akins, Ridings, Spiegle, SPAL PC, and KRV PC are regular actors engaged in schemes and practices shown in Plaintiff's Amended Complaint to be common and widespread throughout the Enterprise [see ECF # 52 at ¶¶ 103-141; see specifically, ¶ 141 Case A.].

11. The District Court's denial of *all* discovery is questionable under the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D.Colo. Mar. 30, 2006).  These factors to determine good cause under Local Rule

30.2B are: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  Plaintiff's right to due process was denied and he was prejudiced by the Court's stay of all discovery as the *Rooker-Feldman* doctrine apparently does not apply to his First Claim. Pursuant to *String Cheese Incident, LLC* factor (1), Plaintiff was directly harmed.  Equally important per factors (4) and (5), and the new facts concerning an investigation into defendant Spiegle by the State of Colorado DORA and CPS recently provided to Plaintiff by other victims, a substantial injustice was perpetrated by the abuse of discretion of this Court.

12. Plaintiff's Amended Complaint provided both factual and inferential allegations showing plausibility for the 18 U.S.C. §1962 element of "pattern" (specifically, "continuity") to exist for defendants Akins, SPAL PC, Ridings, KRV PC and Spiegle; this warrants further discovery as to the alleged violations of 18 U.S.C. §1962 consistent with *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986).

13. Plaintiff's Amended Complaint satisfied the *Twombly* plausibility standard as it provided factual, both direct and inferential, allegations respecting all the elements necessary to sustain his First Claim under the legal theory of showing pattern/continuity, open and close, under 18 U.S.C. §1962. Importantly, the Amended Complaint explicitly stated that Plaintiff would support his factual and inferential allegations through discovery to show these defendants pose a continuing RICO threat.  However, the District Court denied Plaintiff all access to discovery, and by doing so denied Plaintiff due process. [See, *Shero v. City of Grover*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2207)]

14. On September 26, 2020 Plaintiff received independently sourced evidence of professional misconduct and questionable ethics involving defendants Spiegle, Akins and SPAL PC. Between October 11, 2020 through October 18, 2020, multiple victims provided independently

documented evidence of defendant Akins' association with other bad actors known to have victimized many through the schemes used against Plaintiff described in ECF # 52.

15. In the interest of justice, a Rule 62.1 indicative ruling stating this Court's intent to grant relief from ECF # 90 and ECF # 91, or stating that new facts now raise significant issues concerning Plaintiff's First Claim as allowed by Rule 60(b)(2) and 60(b)(6), must be considered and issued.  In support, Plaintiff is prepared to make available to this Court at hearing such witness testimony relating to the new facts presented herein, to propose a schedule for discovery as concerns Plaintiff's First Claim, and through judicial notice to notify the United States Court of Appeals for the Tenth Circuit of this pending Rule 62.1 motion for Rule 60(b) relief.

## **MOTION**

16. Pursuant to Fed.R.Cv.P. 62.1 and Fed.R.Cv.P. 60(b)(2) and 60(b)(6), and on account of new facts and evidence presented herein, Plaintiff respectfully moves this Honorable Court to grant Plaintiff's motion for an indicative ruling on Plaintiff's Rule 60(b) motion seeking relief from Judgment, ECF # 91 and Order, ECF # 90.

## **SUMMARY AND PRAYER**

**WHEREFORE**, pursuant to Fed.R.Cv.P. 62.1 and pursuant to Fed.R.Cv.P. 60(b)(2) and 60(b)(6), your undersigned Plaintiff, Gilbert T. Tso, now prays that this Honorable Court:

(A)     GRANT AN INDICATIVE RULING TO WARRANT REMAND of case no. CA10 20-1142 AND to RETURN JURISDICTION TO THE DISTRICT COURT; and

(B)     FOR RULE 60(b)(2) and (b)(6) RELIEF FROM JUDGMENT/ORDER re: Plaintiff's FIRST CLAIM; and

(C)     FOR THE ISSUANCE OF A SUBPOENA TO PRODUCE, UNDER SEAL, a copy of relevant files and documents from COLORADO DEPT. OF REGULATORY AGENCIES case no. 2020-5533; and

(D)    FOR HEARING *INSTANTER* to examine these new facts, to produce witnesses and testimonies in accordance with the Federal Rules of Evidence and laws governing this case;

(E)    and any other relief that the Court deems fair and equitable.

Respectfully submitted,

s/ Gilbert T. Tso
**Gilbert T. Tso**
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*

## **CERTIFICATION OF DUTY TO CONFER**

On October 9, 2020 Plaintiff contacted Defendants' counsels to confer on Plaintiff's *Motion Pursuant to Fed.R.Cv.P. 62.1 for an Indicative Ruling on a Fed.R.Cv.P. 60(b)(2) and (b)(6), (d)(1) Motion for Relief from Judgment, ECF # 91; and from Order, ECF # 90.*

By October 13, 2020 counsels for defendants all indicated they oppose this Motion. Plaintiff reports this is also a contested motion.

s/ Gilbert T. Tso_____
***Gilbert T. Tso***
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within *Plaintiff's Motion Pursuant to Fed.R.Cv.P. 62.1 for an Indicative Ruling on a Fed.R.Cv.P. 60(b)(2) and (b)(6), (d)(1) Motion for Relief from Judgment, ECF # 91; and from Order, ECF # 90* upon all parties herein by depositing copies of same via CM/ECF, this 21st day of October 2020, addressed as follows:

**By CM/ECF:**

Allison R. Ailer, Ass't. Att'y General
State of Colorado
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
E-Mail:  allison.ailer@coag.gov
*Counsel of Record

Robert A. Wolf, Esq.
Sherri L. Catalano
City and County of Denver
1200 Federal Blvd., 4th Floor
Denver, CO 80204
E-Mail:  robert.wolf@denvergov.org
*Counsels of Record

Tory D. Riter, Esq.
Kelly L. Kafer, Esq.
Baldwin Morgan & Rider, P.C.
1512 Larimer Street, Ste. 450
Denver, CO 80202
E-Mail:  triter@morganrider.com
        kkafer@morganrider.com
*Counsels of Record

Richard M. Murray, Esq.
Polsinelli P.C. - Denver
1401 Lawrence Street, Ste. 2300
Denver, CO 80202
E-Mail:  rmurray@polsinelli.com
        rwarren@polsinelli.com
*Counsel of Record

Eric M. Ziporin
Jonathan N. Eddy
Senter Goldfarb & Rice, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
E-Mail:  eziporin@sgrllc.com
        jeddy@sgrllc.com
*Counsels of Record

Kevin S. Taylor, Esq.
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
E-Mail:  ktaylor@talawfirm.com
*Counsel of Record

s/ Gilbert T. Tso
**Gilbert T. Tso**
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*