**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00293-PAB-STV

GILBERT T. TSO,

    Plaintiff,

vs.

REBECCA MURRAY (a.k.a. Tso), individually;
TANYA AKINS, individually;
SHERR PUTTMANN AKINS LAMB P.C., a law firm;
JEANNIE RIDINGS, individually;
KILILIS RIDINGS & VANAU, P.C., a law firm;
RUSSELL MURRAY, individually;
DENA MURRAY, individually;
JOANNE JENSEN, individually;
RICHARD F. SPIEGLE, Psy.D., individually;
ELIZABETH A. STARRS, individually;
DAVID P. BRODSKY, individually;
CHARLES D. JOHNSON, individually;
ROSS B.H. BUCHANAN, individually and official capacities;
DAVID H. GOLDBERG, individually;
MONICA JACKSON, individual and official capacity;
LARA DELKA, individual and official capacity;
CHRISTIAN MADDY, individual and official capacity;
JENNIFER ADELMANN, individual and official capacity;
DON MARES, official capacity;
BARRY PARDUS, official capacity;
MICHAEL DIXON, official capacity;
CYNTHIA COFFMAN, official capacity;
19TH JUDICIAL DISTRICT CIRCUIT COURT, LAKE CO., IL;
2ND DISTRICT COURT, DENVER COUNTY, CO;
DENVER DEPT. OF HUMAN SERVICES;
COLORADO DIVISION OF MOTOR VEHICLES; and
CITY AND COUNTY OF DENVER

    Defendants

---

**RESPONSE TO PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 62.1 FOR
INDICATIVE RULING (ECF NO. 99)**

Defendants Tanya Akins, Sherr Puttmann Akins Lamb, P.C. ("SPAL"), Jeannie Ridings, Kililis Ridings & Vonau, P.C. ("KRV"), and Richard F. Spiegle, Psy.D., through their undersigned counsel, hereby submit the following Response to Plaintiff's Motion Pursuant to Fed. R. Civ. P. 62.1 for an Indicative Ruling (ECF No. 99). For the reasons stated herein, Plaintiff's motion should be denied.

## ARGUMENT

In his motion, Plaintiff seeks an "indicative ruling" pursuant to Rule 62.1 regarding his request for relief under Rule 60, pending the outcome of the appeal in this matter currently before the Tenth Circuit (Case No. 20-1142). He argues that relief from the Court's order and judgment entered in March 2020 (ECF No. 90 and 91) is warranted under Rule 60(b)(2) and (6) based on his discovery of "new evidence" supposedly supporting his RICO claims against Defendants. Specifically, Plaintiff's motion cites information he recently learned regarding purported associations between Defendants SPAL, Akins, Spiegle, and other third parties that he believes establishes the "continuity" element of his RICO claim. Plaintiff's assertions in this regard, and his request for relief under Rule 60(b), are wholly without merit.

Relief under Rule 60(b) is warranted only in "exceptional circumstances," and "[a] plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003). Under Rule 60(b)(2), this requires the presentation of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." More specifically, as the Tenth Circuit has explained, this requires the moving party to establish the following: "(1) the evidence was newly discovered since the trial; (2) the moving

party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011).

Here, the fundamental issue with Plaintiff's motion is that it fails to offer evidence that is material or would produce a different result. Plaintiff's motion focuses solely on attempting to support the "continuity" element of his RICO claims, but his failure to adequately allege continuity in his original pleadings was only one of the problems identified by the Court with such claims. With respect to his first RICO claim, this Court first and foremost concluded that "defendants' alleged conduct in the first RICO claim in the amended complaint is not 'racketeering activity' within the meaning of RICO," and no predicate acts were alleged by Plaintiff that did not implicate the jurisdictional bar of the *Rooker-Feldman* doctrine. *See* ECF No. 90, pp. 11-12; *see also* ECF No. 73, pp. 34-35 ("Nor does the alleged conduct [of Defendants] … constitute a crime, much less racketeering activity."). It further concluded that his remaining RICO claims were likewise barred by the *Rooker-Feldman* doctrine. *See* ECF No. 90, p. 15. Thus, regardless of the failure to sufficiently allege facts to satisfy the "continuity" element, Plaintiff's RICO claims were subject to dismissal. His motion accordingly fails to offer any additional evidence or facts that are material or would alter the outcome in this case.

Moreover, Plaintiff's motion fails to present any actual evidence. Instead, he offers only more of the same vague, conclusory, and unsupported allegations of wrongdoing present in his Complaint that were deemed insufficient to support his claims. Indeed, the only actual facts he alleges (albeit based on the hearsay statements of an unknown third-party) are in essence that

3

certain law firms, including SPAL, have worked with certain family psychologists, including Dr. Spiegle, on other domestic relations matters. Such allegations are a far cry from the facts that would be necessary to support his RICO claims, even assuming Plaintiff had demonstrated that he had exercised reasonable diligence in pursuing such new evidence. Accordingly, Plaintiff's motion fails to establish a basis for relief under Rule 60(b).

WHEREFORE, for the reasons stated herein, Defendants respectfully request that the Court enter an order denying Plaintiff's motion under Rule 62.1.

Dated this November 12, 2020.

Respectfully submitted,

*s/ Kelly L. Kafer*
_____
Tory D. Riter, Esq.
Kelly L. Kafer, Esq.
Morgan Rider Riter Tsai, PC
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Email: triter@morganrider.com,
kkafer@morganrider.com

*Attorneys for Tanya Akins, Sherr Puttmann Akins Lamb, P.C., Jeannie Ridings, and Kililis Ridings & Vonau, P.C.*

*s/ Valentine Uduebor*
_____
James D. Murdock II, Esq.
Valentine Uduebor, Esq.
Taylor Anderson
1670 Broadway, Suite 900
Denver, CO 80202
Phone: (303) 551-6660
Email: jmurdock@talawfirm.com
vuduebor@talawfirm.com

*Attorneys for Richard F. Spiegle*

4

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served this November 12, 2020, to each of the following:

| | | |
|---|---|---|
| Gilbert T. Tso | ( ) | via U.S. Mail |
| 3700 Quebec Street, #100-228 | ( ) | via Hand Delivery |
| Denver, CO 80207 | ( ) | via Electronic Mail |
| | ( ) | via Overnight Mail |
| | (x) | via CM/ECF System |
| | | |
| Richard M. Murray, Esq. | ( ) | via U.S. Mail |
| Polsinelli, P.C. | ( ) | via Hand Delivery |
| 1401 Lawrence Street, Suite 2300 | ( ) | via Electronic Mail |
| Denver, CO 80202 | ( ) | via Overnight Mail |
| | (x) | via CM/ECF System |
| | | |
| James D. Murdock, II, Esq. | ( ) | via U.S. Mail |
| Valentine Uduebor, Esq. | ( ) | via Hand Delivery |
| Taylor Anderson, LLP | ( ) | via Electronic Mail |
| 1670 Broadway, Suite 900 | ( ) | via Overnight Mail |
| Denver, CO 80202 | (x) | via CM/ECF System |
| | | |
| Allison R. Ailer, Esq. | ( ) | via U.S. Mail |
| Office of the Attorney General | ( ) | via Hand Delivery |
| 1300 Broadway, 10th Floor | ( ) | via Electronic Mail |
| Denver, CO 80203 | ( ) | via Overnight Mail |
| | (x) | via CM/ECF System |
| | | |
| Robert A. Wolf, Esq. | ( ) | via U.S. Mail |
| Sherri L. Catalano, Esq. | ( ) | via Hand Delivery |
| Office of the Denver City Attorney | ( ) | via Electronic Mail |
| 1200 Federal Blvd., 4th Floor | ( ) | via Overnight Mail |
| Denver, CO 80204 | (x) | via CM/ECF System |
| | | |
| Eric M. Ziporin, Esq. | ( ) | via U.S. Mail |
| Jonathan Eddy, Esq. | ( ) | via Hand Delivery |
| SGR, LLC | ( ) | via Electronic Mail |
| 3900 East Mexico Avenue, Suite 700 | ( ) | via Overnight Mail |
| Denver, Colorado 80210 | (x) | via CM/ECF System |

s/ Felisha Hurtado