**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No: 19-CV-0293-PAB-STV

| | | |
|---|---|---|
| Gilbert T. Tso, a natural person and an American, | ) | Article III, Court of Records |
| | ) | Common Law |
| Plaintiff, | ) | |
| | ) | Verified Complaint for: |
| v. | ) | |
| | ) | ================================ |
| Rebecca Murray (a.k.a. Tso), et al., | ) | Civil RICO; Violations of Civil Rights, States & |
| | ) | Federal Statutes; Injunctive Relief (Sought) |
| | ) | |
| Defendants. | ) | Demand for Trial by Jury where permitted. |
| | ) | |

**Plaintiff's MOTION for SUBPOENA and IN CAMERA REVIEW**
**re: New Facts Presented in ECF #99, and in REPLY to ECF #100**

  Plaintiff respectfully requests that this Court enter an order (i) permitting Plaintiff to serve subpoena upon the Colorado Dept. of Regulatory Agencies (CO DORA) for records relating to DORA case no. 2020-5533, and all DORA records attached to the investigation of Dr. Gene D. Gross listed in the minutes of the State Board of Psychologist Examiners, Emergency Meeting Public Minutes – September 14, 2020; and (ii) to seal and maintain confidentiality of these records; and (iii) Plaintiff further requests an in camera review of the subpoenaed records in conjunction with the new facts and inferential allegations submitted with Plaintiff's motion, ECF #99. As grounds for the motion, Plaintiff states as follows:

**MEMORANDUM OF LAW AND CIVIL PROCEDURES**

1. Federal Rules of Criminal Procedure 49.1 states in relevant part:

    (a) *Redacted Filings*. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a

Page 1 of 9

minor, a financial-account number, or the home address of an individual, a party or nonparty making the filing may include only:

⋮

(3) the minor's initials;

⋮

(5) the city and state of the home address.

(b) *Exemptions from the Redaction Requirement*. The redaction requirement does not apply to the following:

(2) the record of an administrative or agency proceeding;

⋮

(7) a court filing that is related to a criminal matter or investigation and that is prepared before the filing of a criminal charge or is not filed as part of any docketed criminal case;

⋮

(d) *Filings made under seal*. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

(e) *Protective orders*. For good cause, the court may by order in a case:

(1) require redaction of additional information; or

(2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

⋮

(h) *Waiver of Protection of Identifiers*. A person waives the protection of Rule 49.1(a) as to the person's own information by filing it without redaction and not under seal.

2. The Colorado Open Records Act, (CORA) C.R.S. § 24-72-201 to 206, provides that all public records shall be open for inspection by any person at reasonable times, except as provided in part 2 or as otherwise specifically provided by law. At the discretion of the custodian of record, records of investigations may be exempt; and the custodian must exempt medical data, personnel files, letters of reference, trade secrets, library records, addresses of public school children, and sexual harassment complaints under investigation.

3. The U.S. Supreme Court has "long held the view that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege. e.g., *United States v. Nixon*, 418 U.S. 683, 706 (1974); *United States v. Reynolds*, 345 U.S. 1 (1953)." *Kerr v. United States Dist. Court for Northern Dist. of Cal.*, 426 U.S. 394 at 406 (1976). Furthermore, Supreme Court's guidance has gone to the point of providing a narrow construction of the privilege of in camera review of documents alleged to come within the *crime-fraud exception* to attorney-client privilege. *United States v. Zolin*, 491 U.S. 554, 568-570 (1989). Indeed, according to the late Hon. Justice Antonin Scalia, the Supreme Court "has well understood that the particular value the courts are distinctively charged with - preserving justice - is severely harmed by contravention of 'the fundamental principle that "the public … has a right to every man's evidence."'" *Trammel v. United States*, 445 U.S. 40, 50 (1980) (citation omitted). Testimonial privileges, it has been said, "are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710 (1974).

## **GROUNDS FOR MOTION**

4. Plaintiff has good cause and justification for this MOTION to subpoena records under seal, and for in camera review as:

    (i) The nature of the records sought, i.e. – records of investigations and complaints, prevent Plaintiff access based solely on the statutory authority of the Colorado Open Records Act (CORA), C.R.S. § 24-72-201 to 206, preventing him by statute to compel Colorado DORA to produce without a court subpoena;

    (ii) Plaintiff believes that the records are material and probative on the issue of showing "continuity" in support of Plaintiff's allegation in ECF #52, that the acts of defendants Akins, SPAL PC, Spiegle, Ridings and KRV PC constitute a pattern of racketeering that represents common and widespread practices throughout the Enterprise. It is also material to Plaintiff's motion, ECF #99 to

reverse judgment on a Rule 12(b)(6) dismissal with prejudice of Plaintiff's FIRST CLAIM and revise to a judgment of dismissal without prejudice for lack of jurisdiction pursuant to the Court's present finding under *Rooker-Feldman* as parties await the opinions of the Tenth Circuit on this matter under appeal.

(iii) Colorado's Dept. of Regulatory Agencies is not the appropriate forum for the disposition of material evidence relevant to the type of racketeering claims alleged in ECF #52, and those now arising from the facts and inferred allegations of racketeering presented in ECF #99.  This is because DORA's disciplinary authority comes from C.R.S. § 12-245-224, and not 18 U.S.C. §§ 1961-1968.  Also, DORA does not have jurisdiction to review a civil RICO claim involving professional disciplines not within its statutory purview, nor is DORA a court of competent jurisdiction where the matters of concern and issues at hand involve a federal claim of civil racketeering and violations of federal statutes;

(iv) Plaintiff is concerned that the records will not be preserved during the pendency of his appeal, case no. 20-1142 before the U.S. Court of Appeals for the Tenth Circuit, or thereafter until his appeals have been exhausted; and

(v) On information and belief, lawyers for the plaintiffs/complainants in CO DORA case no. 2020-5533 as well as plaintiffs/complainants have advised (a) that their clients, plaintiffs/complainants, presently hold U.S. Dept. of Defense security clearances, and (b) that any public record identifying them in a federal lawsuit, with ongoing custody litigation in state court, exposes them to potential retaliation as well as jeopardizing their ability to perform their current and future duties as federal employees / contractors involved in matters of national security.  As such, Plaintiff has honored their request by not providing their identities at this time; nonetheless, in ECF #103, Plaintiff alleges that by automatic operations of statutory mandates imposed on CO DORA, Dr. Spiegle, the subject of case no. 2020-5533, has the identities of the

plaintiffs/complainants as well as all confidential documents and exhibits associated with case no. 2020-5533.  On information and belief, Dr. Spiegle through his attorneys may have also shared this information with defendants Akins and SPAL PC through their attorneys.

5.  The significance of the new facts and the subsequent revelations rest with the associations of defendants Akins, SPAL PC, and Spiegle with other bad actors operating within the Enterprise.  These actors are alleged and have been known to falsify records and to corruptly influence court proceedings to set outcomes for personal enrichment.  Importantly, at least one member of this network was recently sanctioned and had his professional license summarily suspended by the State of Colorado pending disciplinary proceedings [see ATTACH 1].

6.  Defendants Akins, SPAL PC and Spiegle are alleged to be engaged in schemes and racketeering practices that are both common and widespread throughout the Enterprise; and on the new evidence that Akins, SPAL PC and Spiegle are alleged to be intimately familiar with these schemes from their long-standing collaboration with other bad actors within the Enterprise. These new facts support Plaintiff's prior inferential allegations.  In the interest of justice, this Court should grant relief from judgment to allow discovery to proceed as relates to the FIRST CLAIM, beginning with the securing of these records in the possession of CO DORA that constitute material evidence having substantial probative value in support of Plaintiff's inferential allegations and claim in ECF #52.

## ARGUMENT

*The Documents and Testimonies of the Parties are Material to Plaintiff's FIRST CLAIM and MOTION pursuant to Fed.R.Cv.P. 60(b)(2), (b)(6), and (d)(1), and Fed.R.Cv.P. 62.1 seeking to set aside judgment and reopen the case.*

7.  As for the new facts and inferred allegations presented in ECF #99, one important benchmark of admissibility is relevance.  Federal Rule of Evidence 402 states, in part, "All relevant evidence is admissible, except as otherwise provided."  Plaintiff has a due process right

to present all the evidence that bears on the issue to be decided, even at this Court's discretion under seal as provided for pursuant to Fed.R.Crim.P. 49.1, and in camera hearing to protect the identities of the witnesses, including the Complainant responsible for Colorado Dept. of Regulatory Agencies (CO DORA) case no. 2020-5533.

8. Plaintiff states in no uncertain terms that CO DORA case no. 2020-5533 is in the public record [see ATTACH 2]. In ECF #99, Plaintiff further cites from documents in official public records [see ATTACH 1], and communications provided by the Complainant in CO DORA case no. 2020-5533 and other victims that took place between September 26, 2020 through October 11, 2020.

9. In ECF #90, this Court ruled that "… any possible predicate acts for the RICO claim must not implicate *Rooker-Feldman*," citing *Tal v. Hogan*, 453 F.3d 1244, 1262 n.19 (10th Cir. 2006). Plaintiff respectfully disagrees with the District Court's conclusion on *Rooker-Feldman* and has appealed to the U.S. Court of Appeals for the Tenth Circuit contesting the applicability of the *Rooker-Feldman* doctrine to this case. ECF #99 is not directed at the issue of *Rooker-Feldman*'s applicability, but is instead directed against the Rule 12(b)(6) conclusion that RICO "continuity" is not plausible. In arguendo, if *Rooker-Feldman* becomes the sole factor supporting a dismissal of Plaintiff's FIRST CLAIM, this Court would be in err in its judgment to dismiss with prejudice this claim; rather, ECF #99 is intended to reverse and vacate this Court's Rule 12(b)(6) dismissal *with prejudice* of Plaintiff's FIRST CLAIM.

10. The issue to be decided for ECF #99 is whether the new facts and new inferential allegations, previously unavailable before judgment but however now obtained and offered by Plaintiff post-judgment, sufficiently show plausibility to satisfy the requisite RICO element of "pattern" specific to "continuity", which this Court previously ruled was not met, and therefore granted defendants' Rule 12(b)(6) motion, see ECF #90 at footnote [11].

11. The facts and inferential allegations presented in ECF #99 have probative value. In ECF #99, Plaintiff moves this Court for a hearing and review of these confidential documents with the same witnesses who provided Plaintiff these new facts. Plaintiff asserts that the evidence forthcoming from witness testimonies under oath at hearing of these new facts and inferential allegations will more than satisfy the element of pattern/continuity in Plaintiff's FIRST CLAIM. These facts and inferential allegations are material to the issue before this Court in ECF #99.

*The prejudicial effect of a denial of Plaintiff's motion to subpoena of records and for in camera review far outweigh the probative value of the evidence.*

12. Plaintiff incorporates his arguments for the probative value of this new evidence from ECF #99 and Plaintiff's REPLY, ECF #103, herein; and further state that this Court has previously dismissed with prejudice Plaintiff's FIRST CLAIM pursuant to Rule 12(b)(6) for an insufficient pleading of "continuity."

13. Importantly, Plaintiff was denied due process to conduct the necessary discovery to sufficiently allege "continuity" with the practices of Akins, SPAL PC and Spiegle, Ridings and KRV PC are common and widespread within the Enterprise.

14. Plaintiff now has new evidence with substantial probative value unavailable prior to judgment, obtained from sources known to Spiegle, Akins and SPAL PC [see, ECF #103 at 11-19], from official records of complaints and investigations against Spiegle and other associates in the Enterprise that support Plaintiff's inferential allegations for continuity. Pursuant to Fed.R.Cv.P 60(b)(2) and 60(b)(6), such evidence is believed to be sufficient to reverse this Court's judgment to dismiss with prejudice Plaintiff's FIRST CLAIM and at minimum amend judgment to dismissal without prejudice for lack of jurisdiction, *Rooker-Feldman*, pending the outcome of Plaintiff's appeal before the Tenth Circuit.

15. As such, the prejudicial effect of a denial of Plaintiff's motion to subpoena records and for in camera review far outweigh the probative value of the evidence, because a denial would

contravene "the fundamental principle that "the public … has a right to every man's evidence.""
*Trammel v. United States*, 445 U.S. 40, 50 (1980) citing *United States v. Bryan*, 339 U. S. 323, 339 U. S. 331 (1950).  See also, ¶ 3 above.

## MOTION

16. Pursuant to Fed.R.Cv.P. 62.1 and Fed.R.Cv.P. 60(b)(2) and 60(b)(6), and on account of new facts and evidence presented herein, Plaintiff respectfully moves this Honorable Court to grant Plaintiff's motion (i) permitting Plaintiff to serve subpoena upon the Colorado Dept. of Regulatory Agencies (CO DORA) for records relating to DORA case no. 2020-5533, and all DORA records attached to the investigation of Dr. Gene D. Gross listed in the minutes of the State Board of Psychologist Examiners, Emergency Meeting Public Minutes – September 14, 2020; and (ii) to seal and maintain confidentiality of these records; and (iii) Plaintiff further requests an in camera review of the subpoenaed records in conjunction with the new facts and inferential allegations submitted with Plaintiff's motion, ECF #99..

## SUMMARY AND PRAYER

**WHEREFORE**, your undersigned Plaintiff, Gilbert T. Tso, now prays that this Honorable Court:

 (A) GRANT an ORDER enabling Plaintiff to serve subpoenas upon the Colorado Department of Regulatory Agencies to produce, under seal, all records associated with CO DORA case no. 2020-5533 and matters concerning Dr. Gene D. Gross specifically identified in the State Board of Psychologist Examiners, Emergency Meeting Public Minutes – September 14, 2020;

(B)  GRANT Plaintiff's MOTION FOR IN CAMERA REVIEW of the documents and witness statements pertaining to the new facts presented in ECF #99 and confidential records produced under subpoena; and

(C)  any other relief that the Court deems fair and equitable.

Respectfully submitted,

s/ Gilbert T. Tso
**_Gilbert T. Tso_**
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*

## **CERTIFICATION OF DUTY TO CONFER**

On November 18, 2020 Plaintiff contacted Defendants' counsels to confer on Plaintiff's *Motion for Subpoena and In Camera Review re New Facts Presented in ECF #99, and in Reply to ECF #100.*

On November 20, 2020 counsels for defendants indicated they oppose this Motion. Plaintiff reports this is also a contested motion.

s/ Gilbert T. Tso_____
***Gilbert T. Tso***
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within *Plaintiff's Motion for Subpoena and In Camera Review re New Facts presented in ECF # 99, and in Reply to ECF #100* upon all parties herein by depositing copies of same via CM/ECF, this 25th day of November 2020, addressed as follows:

**By CM/ECF:**

Allison R. Ailer, Ass't. Att'y General
State of Colorado
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
E-Mail:  allison.ailer@coag.gov
*Counsel of Record

Robert A. Wolf, Esq.
Sherri L. Catalano
City and County of Denver
1200 Federal Blvd., 4th Floor
Denver, CO 80204
E-Mail:  robert.wolf@denvergov.org
*Counsels of Record

Tory D. Riter, Esq.
Kelly L. Kafer, Esq.
Baldwin Morgan & Rider, P.C.
1512 Larimer Street, Ste. 450
Denver, CO 80202
E-Mail:  triter@morganrider.com
            kkafer@morganrider.com
*Counsels of Record

Richard M. Murray, Esq.
Polsinelli P.C. - Denver
1401 Lawrence Street, Ste. 2300
Denver, CO 80202
E-Mail:  rmurray@polsinelli.com
            rwarren@polsinelli.com
*Counsel of Record

Eric M. Ziporin
Jonathan N. Eddy
Senter Goldfarb & Rice, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
E-Mail:  eziporin@sgrllc.com
            jeddy@sgrllc.com
*Counsels of Record

Kevin S. Taylor, Esq.
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
E-Mail:  ktaylor@talawfirm.com
*Counsel of Record

s/ Gilbert T. Tso_____
*Gilbert T. Tso*
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*