**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 19-CV-0293-PAB-STV

| | | |
|---|---|---|
| Gilbert T. Tso, a natural person and an American, | ) | Article III, Court of Records |
| | ) | Common Law |
| Plaintiff, | ) | |
| | ) | Verified Complaint for: |
| v. | ) | |
| | ) | ================================ |
| Rebecca Murray (a.k.a. Tso), et al., | ) | Civil RICO; Violations of Civil Rights, States & |
| | ) | Federal Statutes; Injunctive Relief (Sought) |
| | ) | |
| Defendants. | ) | Demand for Trial by Jury where permitted. |
| | ) | |

**Plaintiff's REPLY
To Defendants' Responses, ECF # 100 and ECF #101,
Concerning Plaintiff's MOTION, ECF #99**

Plaintiff comes now in response to Defendants' RESPONSE, ECF #100, and to ECF #101 entered in joinder. In support, Plaintiff provides and asserts the following:

## **MEMORANDUM OF LAW AND CIVIL PROCEDURES**

1. Federal Rules of Evidence, Fed.R.Evid., 402 – General Admissibility of Relevant Evidence, states:

    Relevant evidence is admissible unless any of the following provides otherwise:
    - the United States Constitution;
    - a federal statute;
    - these rules; or
    - other rules prescribed by the Supreme Court.

    Irrelevant evidence is not admissible.

2. Federal Rules of Evidence, Fed.R.Evid., 803 – Exceptions to the Rule Against Hearsay, states in relevant parts:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> :
>
> (8) *Public Records*. A record or statement of a public office if:
>
> (A) it sets out:
> (i) the office's activities;
> (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

3. Federal Rules of Evidence, Fed.R.Evid., 807 – Residual Exception, states:

> (a) *In General.* Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
>
> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.
>
> (b) *Notice*. The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name— so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.

## ADDITIONAL FACTS AND ARGUMENTS IN REPLY

*New Facts and Inferred Allegations presented in ECF #99 are material to Plaintiff's FIRST CLAIM*.

4. In ECF #52, Plaintiff presented both factual and inferential allegations that 18 U.S.C. §1962 defendants Akins, Ridings, Spiegle, SPAL PC, and KRV PC are regular actors engaged in schemes and practices shown in Plaintiff's Amended Complaint to be common and widespread throughout the Enterprise [see ECF # 52 at ¶¶ 103-141; see specifically, ¶ 141 Case A.].

5. Plaintiff alleged in ECF #52 that the RICO predicates and schemes perpetrated by defendants Akins, SPAL PC, Spiegle, Ridings and KRV PC against Plaintiff are not unique or isolated incidents, but that other yet to be identified victims exist; and that defendants Akins, SPAL PC, Spiegle, Ridings and KRV PC represent a continuing risk to unsuspecting litigants as their schemes and predicates are common within the Enterprise.

6. As for the new facts and inferred allegations presented in ECF #99, one important benchmark of admissibility is relevance. Federal Rule of Evidence 402 states, in part, "All relevant evidence is admissible, except as otherwise provided." Plaintiff has a due process right to present all the evidence that bears on the issue to be decided, even at this Court's discretion under seal, and in camera hearing to protect the identities of the witnesses, including the Complainant responsible for Colorado Dept. of Regulatory Agencies (CO DORA) case no. 2020-5533.

7. Plaintiff states in no uncertain terms that CO DORA case no. 2020-5533 is in the public record [see ATTACH 1]. In ECF #99, Plaintiff cites from documents in official public records [see ATTACH 2], and communications provided by the Complainant in CO DORA case no. 2020-5533 and other victims that took place between September 26, 2020 through October 11, 2020.

8. In ECF #90, this Court ruled that "… any possible predicate acts for the RICO claim must not implicate *Rooker-Feldman*," citing *Tal v. Hogan*, 453 F.3d 1244, 1262 n.19 (10th Cir. 2006). Plaintiff respectfully disagrees with the District Court's conclusion on *Rooker-Feldman* and has appealed to the U.S. Court of Appeals for the Tenth Circuit contesting the applicability of the

Page 3 of 10

*Rooker-Feldman* doctrine to this case.  ECF #99 is not directed at the issue of *Rooker-Feldman*'s applicability, but is instead directed against the Rule 12(b)(6) conclusion that RICO "continuity" is not plausible.  In arguendo, if *Rooker-Feldman* is the sole factor supporting a dismissal of Plaintiff's FIRST CLAIM, this Court erred in its judgment to dismiss with prejudice; rather, ECF #99 is intended to reverse and vacate this Court's Rule 12(b)(6) dismissal *with prejudice* of Plaintiff's FIRST CLAIM.

9.  The issue to be decided for ECF #99 is whether the new facts and new inferential allegations, previously unavailable however now obtained and offered by Plaintiff post-judgment, sufficiently show plausibility to satisfy the requisite RICO element of "pattern" specific to "continuity", which this Court previously ruled was not met, and therefore granted defendants' Rule 12(b)(6) motion, see ECF #90 at footnote [11].

10. The facts and inferential allegations presented in ECF #99 have probative value. In ECF #99, Plaintiff moves this Court for a hearing and review of these confidential documents with the same witnesses who provided Plaintiff these new facts.  Plaintiff asserts that the evidence forthcoming from witness testimonies under oath at hearing of these new facts and inferential allegations will more than satisfy the element of pattern/continuity in Plaintiff's FIRST CLAIM. These facts and inferential allegations are material to the issue before this Court in ECF #99.

***Plaintiff's citation of CO DORA complaint, case no. 2020-5533, satisfies Fed.R.Evid. 803(8)(A)(i) and 803(8)(A)(ii) for admissions as evidence; and Plaintiff's citation of the summary suspension of Dr. Gene D. Gross satisfies Fed.R.Evid. 803(8)(A)(iii) for admissions as evidence***.

11. On November 17, 2020 Plaintiff was informed by Complainant in CO DORA case no. 2020-5533 that Dr. Richard Spiegle recused and removed himself as the court-appointed therapist from the parties' domestic relations and custody case.  This new fact suggests that Dr. Spiegle has knowledge of CO DORA case no. 2020-5533 and knows the identity of the Complainant.

12. As a matter of public record, on or around November 24, 2020, the CO DORA website posted the agenda for the State Board of Psychologist Examiners' upcoming December 4, 2020 meeting. See, *link to display the agenda*: https://drive.google.com/file/d/1caNqQVKfSbDcOBMbXRUrVivHrP8t6obN/view and ATTACH. 1. Case no. 2020-5533 is scheduled for review as new business per agenda item #25.

13. Importantly, Dr. Spiegle through his attorneys in ECF #100 intentionally misrepresented to this Court his knowledge of both CO DORA case no. 2020-5533 and the identities of the Complainant(s). Dr. Spiegle intentionally obfuscated the facts by referring to Plaintiff's new facts and inferential allegations from ECF #99 as coming from an "anonymous" source.

14. Plaintiff further asserts on information and belief that as Akins and SPAL PC co-signed Spiegle's Response and filed ECF #100 jointly, and as Akins and SPAL PC are inextricably intertwined in Complainants' custody litigation which included Drs. Gross, Fyfe and Spiegle, at minimum it is plausible that Akins and SPAL PC also know the identity of Plaintiff's so-called "anonymous" source. Plaintiff argues the new facts presented in ECF #99 provide sufficient details for Akins and SPAL PC to deduce the identity of Plaintiff's source from conversations with Spiegle and from facts presented in ECF #99 [*see*, ECF #99 at ¶ 7 (iii), (iv) and (vi)(g)].

15. Furthermore, while Plaintiff has not been granted permission to disclose the identities of the Complainants at the direction of their lawyers[1], Plaintiff herein alleges, from the citation of

---

[1] As explained to Plaintiff by Complainants, the circumstances underlying this unusual request by Complainants' lawyers are: (i) that Complainants presently hold U.S. Dept. of Defense security clearances, and (ii) that any public record identifying them in a federal lawsuit, and with ongoing custody litigation in state court exposing them to potential retaliation, will jeopardize their ability to perform their current and future duties as federal employees / contractors involved in matters of national security. As such, Plaintiff has little recourse other than to file a related but separate motion for in camera review of Complainants documents to further argue the probative value of the new facts; and for in camera hearing of the testimonies of Complainants regarding these new facts under protection and seal of this Court or in a manner this Court deems appropriate.

CO DORA case no. 2020-5533 in ECF #99, that Dr. Richard Spiegle knows the identities of the Complainant who met with Plaintiff in September 2020.  Importantly, it is a fact that under state statute, policy, official action and practice, CO DORA must provide Dr. Spiegle with the identities of his accusers and the documents and exhibits filed under case no. 2020-5533.  However, once a case identifier is assigned, all documents and exhibits associated with the case must remain under public seal during and through the pendency of hearing by the CO DORA review board.  This again is a matter of official policy and constitute regular activities under CO DORA's duty to report.  Nonetheless, the fact a DORA complaint was filed against Dr. Spiegle under case no. 2020-5533 is both admissible and exempt from the rules on hearsay when the source is the Complainant and supported by public record.  *See*, Fed.R.Evid. 803(8)(A)(i) and 803(8)(A)(ii); *see also*, ATTACH 1.

16. Importantly, Dr. Spiegle, Akins and SPAL PC through their attorneys have neither disavowed or refuted Plaintiff's statement of new facts in ECF #99 as untrue and false, *see also,* Fed.R.Evid. 803(8)(B) – as such, Dr. Spiegle, Akins, SPAL PC and counsel failed to show that the source of information or other circumstances indicate a lack of trustworthiness.  Consequently, the citation of the CO DORA case no. 2020-5533 is admissible and excepted from exclusion under the rules of hearsay.  *See*, Fed.R.Evid. 803(8)(A)(i) and 803(8)(A)(ii).

17. In ECF #99, Plaintiff moves this Court to issue an order enabling Plaintiff to serve a subpoena upon CO DORA to produce under seal the documents associated with CO DORA case no. 2020-5533, those cases referenced in the September 14, 2020 Emergency Meeting Public Minutes of the State Board of Psychologist Examiners, DORA [see, ATTACH 2], and to produce the witnesses, including defendants Spiegle and Akins, for hearing *instanter* to allow the witnesses to present their full testimonies before this Court under examination.  *See also*, Fed.R.Crim.P. 49.1 outlining the authority available at this Court's discretion to protect witnesses' identities prior to, during and after trial in lawsuits involving allegations of felony crimes, such as those alleged in Plaintiff's civil RICO lawsuit.

*The circumstances show that the requisites of Fed.R.Evid. 807 – Residual Exceptions are also met; and Plaintiff's new facts and allegations are admissible as they constitute material evidence having probative value with respect to Plaintiff's FIRST CLAIM.*

18. Plaintiff asserts he has also met the requisites satisfying Fed.R.Evid. 807(a)(1) and (a)(2). Specifically, the new facts are material and provides probative value to Plaintiff's FIRST CLAIM as the facts relate to the issue of showing continuity and supports plausibility for Defendants' schemes and predicate acts being common and widespread within the Enterprise. These facts alleged that are derived from CO DORA case no. 2020-5533 are from a source already known to at least Spiegle [see ¶¶ 11-15 above], and plausibly also revealed to Akins and SPAL PC through their direct collaboration with Spiegle on ECF #100 and ECF #99.

19. Plaintiff is bound by circumstances beyond his control that inhibits him from disclosing the identity of the source of these facts, absent an order of this Court, footnote [1]. Nonetheless, this Court is reminded that Plaintiff's lawsuit has yet to transition from the pleading phase of litigation, and all discovery was denied prior to entry of judgment. Under these circumstances, it is arguably equitable to treat the new facts presented in ECF #99 as factual allegations to be given the presumption of truth, as would be given all allegations - factual and inferential - contained in the body of Plaintiff's Complaint, ECF #52.

20. Plaintiff nonetheless identifies the source for his new facts as consisting of the originator of CO DORA case no. 2020-5533 [see, ECF #99, ¶ 7(i)], official public records, and other victims familiar with Spiegle, Gross, Fyfe, and Akins. Neither Spiegle, Akins or SPAL PC disavowed or refuted Plaintiff's statement of the new facts in ECF #99 as untrue and false. Importantly, Plaintiff moved to have this Court subpoena the documents and exhibits filed under CO DORA case no. 2020-5533, and to subpoena the individuals providing the facts to testify before this Court under oath.

21. Through conferral and ECF #99, Plaintiff provided notice to Defendants of the forthcoming evidence by providing the citation to the CO DORA case already known to Spiegle,

and likely to Akins, in lieu of naming the Complainant.  Notice has been provided to Defendants, who are now able to meet these statements [Fed.R.Evid. 807(b)], and these facts are material, probative and admissible.

***Colorado's Dept. of Regulatory Agencies is not the appropriate forum for the disposition of the type of racketeering claims alleged in ECF #52, and those now arising from the facts and inferred allegations of racketeering presented in ECF #99.***

22. The Colorado Dept. of Regulatory Agencies is an administrative review board consisting of state officials and appointed private individuals charged with (i) regulating professional practices and standards within the state of Colorado; (ii) hearing complaints against licensees filed by consumers; and (iii) imposing/enforcing disciplinary actions when practice standards and ethics violations occur.  In CO DORA's own words, "DORA is dedicated to preserving the integrity of the marketplace and is committed to promoting a fair and competitive business environment in Colorado.  Consumer protection is [its] mission."

23. On information and belief, CO DORA's profession/discipline-specific review boards are not capable of investigating interdisciplinary crimes of the kind alleged in Plaintiff's federal civil RICO lawsuit.  Importantly, CO DORA's counterpart with jurisdiction over attorney discipline and complaints is the Office of Attorney Regulation Counsel, an entity under the authority of the Colorado Supreme Court.  As such, the ultimate disposition by CO DORA of case no. 2020-5533 filed against Dr. Spiegle cannot be held to the same level of dispositive effect to Plaintiff's FIRST CLAIM.  Indeed, CO DORA's disciplinary authority is derived from C.R.S. § 12-245-224, which clearly makes provisions for judgments from courts of competent jurisdiction with authority to review matters under 18 U.S.C. §§ 1961-1968 [*see* C.R.S. § 12-245-224(1)(a)].

24. CO DORA does not have jurisdiction to review a civil RICO claim involving professional disciplines not within its statutory purview; nor is CO DORA a court of competent jurisdiction where matters of concern and issues at hand involve a federal claim of civil racketeering and violations of federal statutes – this authority is not provided for under C.R.S. § 12-245-224.

25. Complainants' grievances against Dr. Spiegle are independent and distinct from Plaintiff's FIRST CLAIM and is reviewed under different criteria due to fundamental differences with the nature and character of these two separate actions.  Complainants seek consumer protections from CO DORA for malpractice and negligence, whereas Plaintiff alleges criminal intent under the RICO ACT in perpetrated cahoots with Akins and SPAL PC that go beyond malpractice.

26. Importantly, Tanya Akins and SPAL PC are not named in Complainants' DORA filings in case no. 2020-5533 as they are not under the review board's jurisdiction and licensing authority; despite the fact Akins, SPAL PC and Spiegle are inextricably intertwined in Complainants' divorce and custody litigation.

27. Consequently, regardless of the outcome of CO DORA's hearing of case no. 2020-5533 against Spiegle, Plaintiff argues preemptively that the *Rooker-Feldman* doctrine is wholly inapplicable to justify dismissing this evidence should the outcome of case no. 2020-5533 favor Spiegle under C.R.S. § 12-245-224.  Plaintiff is presenting this new evidence under an independent claim apart from case no. 2020-5533.  In question is the relationship of Akins and SPAL PC with Spiegle, Gross, Fyfe and other bad actors as alleged in ECF #99, and the probative value of this evidence in showing that the RICO schemes to defraud as presented in ECF #52 are common and widespread across the Enterprise.  *See*, ECF #99, ¶¶ 8-9.

***At the direction of their legal counsel, the parties providing Plaintiff with the facts and evidence presented in ECF #99 have requested anonymity and protection of their identities.***

28. As previously summarized in footnote [1], Plaintiff respectfully informs this Honorable Court that he has received requests from the parties to have their identities, documents and testimonies be sealed under order of this Court.  However, this should not discount the probative value of the facts and evidence, and their admissibility, as federal rules and statutes provide a remedy to this apparent conundrum Plaintiff has encountered.

29. Federal courts have a long history of exercising its discretion to protect the identities of witnesses at risk for their testimonies.

30. On information and belief, because Plaintiff's federal lawsuit is a civil cause of action for criminal racketeering cognizable under 18 U.S.C. § 1962 et seq., Plaintiff is litigating in the capacity of a private attorney general [see, 18 U.S.C. §1964(c), 18 U.S.C. §1968 – Civil Investigative Demand; see also, *Sedima, S.P.R.L. v. Imrex Co., Inc*., 473 U.S. 479 (1985)]. Consequently, Plaintiff will motion for subpoenas to produce records and witnesses under seal for the protection of witnesses; and for review by in camera inspection to protect witnesses' identities as advised by witnesses' lawyers, *see* footnote [1], and any Fed.R.Evid. 501 privileges.

## SUMMARY

31. The new facts presented in ECF #99 are material, admissible and provide substantive probative value in relations to Plaintiff's motion for relief pursuant to Fed.R.Cv.P. 62.1 and Fed.R.Cv.P. 60(b)(2) and 60(b)(6).  By the automatic execution of statutory and policy mandates, CO DORA has already provided Spiegle with the identity of Complainant and all confidential documents, including exhibits, in case no. 2020-5533.  Importantly, Spiegle and Defendants failed to show "that the source of information or other circumstances indicate a lack of trustworthiness" for which this Court cannot remedy through its discretionary authority to subpoena witnesses and documents under seal; for an in camera inspection; and including an examination of defendants Akins and Spiegle on the witness stand under oath concerning Plaintiff's the factual allegations in ECF #99.   Fed.R.Evid. 803(8)(A) and (B), and Fed.R.Evid. 807 are satisfied in ECF #99 by Plaintiff having identified the source of his evidence as the Complainant in CO DORA case no. 2020-5533, and reliance on available public records.

Respectfully submitted,

s/ Gilbert T. Tso
***Gilbert T. Tso***
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within *Plaintiff's Reply to Defendants' Responses, ECF#100 and ECF #101, Concerning Plaintiff's MOTION, ECF #99* upon all parties herein by depositing copies of same via CM/ECF, this 25th day of November 2020, addressed as follows:

**By CM/ECF:**

Allison R. Ailer, Ass't. Att'y General
State of Colorado
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
E-Mail: allison.ailer@coag.gov
*Counsel of Record

Robert A. Wolf, Esq.
Sherri L. Catalano
City and County of Denver
1200 Federal Blvd., 4th Floor
Denver, CO 80204
E-Mail: robert.wolf@denvergov.org
*Counsels of Record

Tory D. Riter, Esq.
Kelly L. Kafer, Esq.
Baldwin Morgan & Rider, P.C.
1512 Larimer Street, Ste. 450
Denver, CO 80202
E-Mail: triter@morganrider.com
    kkafer@morganrider.com
*Counsels of Record

Richard M. Murray, Esq.
Polsinelli P.C. - Denver
1401 Lawrence Street, Ste. 2300
Denver, CO 80202
E-Mail: rmurray@polsinelli.com
    rwarren@polsinelli.com
*Counsel of Record

Eric M. Ziporin
Jonathan N. Eddy
Senter Goldfarb & Rice, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
E-Mail: eziporin@sgrllc.com
    jeddy@sgrllc.com
*Counsels of Record

Kevin S. Taylor, Esq.
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
E-Mail: ktaylor@talawfirm.com
*Counsel of Record


s/ Gilbert T. Tso_____
***Gilbert T. Tso***
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*