# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00293-PAB-STV

GILBERT T. TSO,

     Plaintiff,

vs.

REBECCA MURRAY (a.k.a. Tso), individually;
TANYA AKINS, individually;
SHERR PUTTMANN AKINS LAMB P.C., a law firm;
JEANNIE RIDINGS, individually;
KILILIS RIDINGS & VANAU, P.C., a law firm;
RUSSELL MURRAY, individually;
DENA MURRAY, individually;
JOANNE JENSEN, individually;
RICHARD F. SPIEGLE, Psy.D., individually;
ELIZABETH A. STARRS, individually;
DAVID P. BRODSKY, individually;
CHARLES D. JOHNSON, individually;
ROSS B.H. BUCHANAN, individually and official capacities;
DAVID H. GOLDBERG, individually;
MONICA JACKSON, individual and official capacity;
LARA DELKA, individual and official capacity;
CHRISTIAN MADDY, individual and official capacity;
JENNIFER ADELMANN, individual and official capacity;
DON MARES, official capacity;
BARRY PARDUS, official capacity;
MICHAEL DIXON, official capacity;
CYNTHIA COFFMAN, official capacity;
19TH JUDICIAL DISTRICT CIRCUIT COURT, LAKE CO., IL;
2ND DISTRICT COURT, DENVER COUNTY, CO;
DENVER DEPT. OF HUMAN SERVICES;
COLORADO DIVISION OF MOTOR VEHICLES; and
CITY AND COUNTY OF DENVER

     Defendants

---

## RESPONSE TO PLAINTIFF'S MOTION FOR SUBPOENA AND IN CAMERA REVIEW (ECF NO. 102)

---

Defendant Richard F. Spiegle, Psy.D., by and through undersigned counsel, hereby submits the following Response to Plaintiff's Motion for Subpoena and In Camera Review (ECF No. 102) pursuant to Fed. R. Civ. P. 62.1 and Fed. R. Civ. P. 60(b)(2) and 60(b)(6). For the reasons stated herein, Plaintiff's motion should be denied.

## ARGUMENT

### I.   PLAINTIFF'S REQUEST WILL NOT RESULT IN THE INTRODUCTION OF NEW INFORMATION THAT IS MATERIAL OR THAT WOULD CHANGE THE OUTCOME OF THIS CASE.

This case is currently before the Tenth Circuit Court of Appeals (Case No. 20-1142). In Plaintiff's motion, Plaintiff seeks an "indicative ruling" from this Court granting him authority to serve a subpoena on the Colorado Department of Regulatory Agencies ("DORA") for, among other things, all records relating to DORA Case No. 2020-5533.

Rule. 62.1 of the Federal Rules of Civil Procedure provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003). Thus, "[a] plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *Id*. To be eligible for relief under Rule 60(b)(2), the moving party must show: (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering new evidence; (3) the newly discovered evidence was not merely cumulative or

impeaching; (4) the newly discovered evidence is material; and that a new trial with the newly discovered evidence would probably produce a different result. *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quotation omitted).

Here, again, the fundamental issue with Plaintiff's motion is that it seeks relief for the discovery of information that is neither material to this matter nor would have the effect of producing a different result. The operative Complaint on appeal was dismissed pursuant to, among others, Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The RICO claim asserted in Plaintiff's first claim for relief was subject to dismissal based on this Court's finding that he did not allege facts that support a plausible RICO claim. In particular, this Court correctly held that the injuries alleged by Plaintiff, that related to the litigation of his domestic relations proceedings in state court, were not the result of "racketeering activity" within the meaning of RICO. (See ECF 90 at 12). Moreover, Plaintiff's claims further failed on jurisdictional grounds because the alleged predicate acts for his RICO claim would implicate *Rooker-Feldman*. *Id.* (citing *Tal v. Hogan*, 453 F.3d 1244, 1262 n.19 (10th Cir. 2006) (holding that an alleged predicate act that cannot be considered "without calling into question the validity of the state court judgment" is precluded by *Rooker-Feldman*). Likewise, with respect to Plaintiff's remaining RICO claims, this Court found that Plaintiff failed to offer any legal basis to conclude his claims were also not barred by the *Rooker-Feldman* doctrine.

The information now sought in Plaintiff's motion, is not material to any of these issues. Regardless of the substance of any information within the DORA file for Case No. 2020-5533, the underlying facts that resulted in the dismissal of Plaintiff's Complaint remain the same. None of the conduct alleged by Plaintiff can be construed as racketeering activity. Furthermore, to the extent Plaintiff's RICO claims remain premised upon the alleged litigation conduct that calls into

question the validity of the state court's Support Order, his claims are clearly barred by *Rooker-Feldman*. Consequently, any information obtained by Plaintiff in the subpoena he seeks through the Motion will not alter the outcome of this case, and, therefore, should be denied.

**II.     DORA CASE NO. 2020-5533 HAS BEEN DISMISSED. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE ALL RECORDS AND INFORMATION THAT RELATE TO THE STATE BOARD OF PSYCHOLOGIST EXAMINERS REVIEW IS CONFIDENTIAL AND NOT RELEVANT TO THIS MATTER.**

In addition, the information Plaintiff seeks is no longer at issue before the State Board of Psychologist Examiners (the "Board") and, thereby, is confidential as a matter of law.

Notably, DORA Case No. 2020-5533 was dismissed on December 9, 2020 based on the Board's determination that there was insufficient grounds to warrant the commencement of a formal disciplinary proceeding, as required by Colorado law. *See* Letter from Dept. of Reg. Agencies to Richard F. Spiegle (dated December 9, 2020), attached hereto as **Exhibit 1**. As a result, the case was immediately vacated by the Board with no action having been taken, besides the Board's initial inquiry of the unverified claims in the subject complaint.

In accordance with Colorado law, the information obtained during the Board's review of DORA Case No. 2020-5533 is confidential. The Mental Health Protective Act sets forth the laws governing the disclosure of all records and associated proceedings that relate to a complaint that may give rise to a disciplinary proceeding with DORA. C.R.S. §§ 12-245- 220, 12-245-222, 12-245-226(4)). Under the rules promulgated by the Board, all information that is obtained during the course of the Board's inquiry of any complaint is confidential. Specifically, under Rule 1.3(A), "all inquiries, complaints, investigations, hearings, meetings, or any other proceedings of the Board that relates to disciplinary proceedings are not open to public inspection." 3 Colo. Code Regs. § 721-1, Rule 1.3(A). Furthermore, pursuant to Rule 1.3(B), all records that are

obtained by the Board through subpoena are to also remain confidential until the Board has reviewed the information and made a determination on whether the information should continue to maintain any such designation. 3 Colo. Code Regs. § 721-1, Rule 1.3(B). Importantly, although the Rules stipulate that any proceeding or record that is obtained by the Board may become open to the public after the initial consideration of the submitted inquiry, if a complaint is dismissed, disclosure of the available records remains prohibited. 3 Colo. Code Regs. § 721-1, Rule 1.3(A) ("The initial consideration of the inquiry and all further proceedings shall be open and the records available for inspection unless…section 12-245-226(4), C.R.S., prohibits disclosure"). In part, Section (4) of C.R.S. § 12-245-226, states:

> (4) (a) Except as provided in subsection (4)(b) of this section, if a complaint is dismissed, records of investigations, examinations, hearings, meetings, and other proceedings of the board conducted pursuant to this section are exempt from the open records law, article 72 of title 24.
>
> C.R.S. §12-245-226(4)

Thus, where the Board decides to dismiss a complaint and proceeds without filing a formal complaint or conducting any disciplinary proceedings, the Board intended to keep the information that was obtained during the course of its inquiry confidential. *See* 12-245-226(4)(a)-(b).

Here, Plaintiff cannot plausibly assert that he is entitled to any of the confidential information within the DORA file for Case No. 2020-5533. Further, and critically, any claims that some of the information contained within the DORA case file may contain information that is unverified and irrelevant to the RICO claims before the 10th Circuit. Plaintiff's claims of relevance simply ignores the current posture of the now-dismissed complaint and insufficient grounds the Board

found that would have required it to move forward with a formal disciplinary proceedings – as would have been required by Colorado law. *See* C.R.S. 12-245-226(1)(a)(I).

Accordingly, this court should not entertain Plaintiff's speculative assertion that any information within the DORA file for Case No. 2020-5533 is material to this case. Plaintiff misunderstands (or intentionally ignores) that the unsupported allegations asserted in the Complaint were deemed fatally insufficient to support his claims. Plaintiff failed to allege any activity that constitutes a crime, much less any "racketeering activity." *See generally* 18 U.S.C. § 1961(1) (defining "racketeering activity"). Thus, even assuming Plaintiff had demonstrated that he had exercised reasonable diligence in pursuing this purported new evidence, it is still not relevant or material to this case and, further, would have no effect on the outcome of this case. As a result, Plaintiff's motion fails to establish a basis for relief under Rule 60(b) and, therefore, should be denied.

WHEREFORE, for the reasons stated herein, Defendant respectfully requests that the Court enter an order denying Plaintiff's motion under Rule 62.1.

Dated this December 16, 2020.                    Respectfully submitted,

*s/ Valentine Uduebor*
James D. Murdock II, Esq.
Valentine Uduebor, Esq.
Taylor Anderson
1670 Broadway, Suite 900
Denver, CO 80202
Phone: (303) 551-6660
Email: jmurdock@talawfirm.com
vuduebor@talawfirm.com

*Attorneys for Richard F. Spiegle*

6

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served this December 16, 2020, to each of the following:

| Gilbert T. Tso | ( ) | via U.S. Mail |
| 3700 Quebec Street, #100-228 | ( ) | via Hand Delivery |
| Denver, CO 80207 | ( ) | via Electronic Mail |
| | ( ) | via Overnight Mail |
| | (x) | via CM/ECF System |

| Richard M. Murray, Esq. | ( ) | via U.S. Mail |
| Polsinelli, P.C. | ( ) | via Hand Delivery |
| 1401 Lawrence Street, Suite 2300 | ( ) | via Electronic Mail |
| Denver, CO 80202 | ( ) | via Overnight Mail |
| | (x) | via CM/ECF System |

| James D. Murdock, II, Esq. | ( ) | via U.S. Mail |
| Valentine Uduebor, Esq. | ( ) | via Hand Delivery |
| Taylor Anderson, LLP | ( ) | via Electronic Mail |
| 1670 Broadway, Suite 900 | ( ) | via Overnight Mail |
| Denver, CO 80202 | (x) | via CM/ECF System |

| Allison R. Ailer, Esq. | ( ) | via U.S. Mail |
| Office of the Attorney General | ( ) | via Hand Delivery |
| 1300 Broadway, 10th Floor | ( ) | via Electronic Mail |
| Denver, CO 80203 | ( ) | via Overnight Mail |
| | (x) | via CM/ECF System |

| Robert A. Wolf, Esq. | ( ) | via U.S. Mail |
| Sherri L. Catalano, Esq. | ( ) | via Hand Delivery |
| Office of the Denver City Attorney | ( ) | via Electronic Mail |
| 1200 Federal Blvd., 4th Floor | ( ) | via Overnight Mail |
| Denver, CO 80204 | (x) | via CM/ECF System |

| Eric M. Ziporin, Esq. | ( ) | via U.S. Mail |
| Jonathan Eddy, Esq. | ( ) | via Hand Delivery |
| SGR, LLC | ( ) | via Electronic Mail |
| 3900 East Mexico Avenue, Suite 700 | ( ) | via Overnight Mail |
| Denver, Colorado 80210 | (x) | via CM/ECF System |

s/ Theresa Coe

7