**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No: 19-CV-0293-PAB-STV

| | |
|---|---|
| Gilbert T. Tso, a natural person and an American, | Article III, Court of Records Common Law |
| Plaintiff, | |
| v. | Verified Complaint for: |
| | =============================== |
| Rebecca Murray (a.k.a. Tso), et al., | Civil RICO; Violations of Civil Rights, States & Federal Statutes; Injunctive Relief (Sought) |
| Defendants. | Demand for Trial by Jury where permitted. |

**Plaintiff's REPLY**
**To Defendants' Responses, ECF # 104, ECF #105 and ECF #106,**
**Concerning Plaintiff's MOTION, ECF #102 and ECF #99**

Plaintiff comes now in response to Defendants' RESPONSE, ECF #104, and to Defendants' ECF #105 and #106 entered in joinder. In support, Plaintiff provides and asserts the following:

## ARGUMENTS IN REPLY

*Defendants' RESPONSE, ECF #104 and ECF #104-1, fails to establish why CO DORA's summary dismissal of the complaint against Defendant Spiegle has weight to Plaintiff's RICO claim in ECF #52; and Plaintiff's pending motions, ECF #99 and ECF #102.*

1. CO DORA's jurisdiction is limited by statute, *see* C.R.S. §12-245-220, §12-245-222, §12-245-224, §12-245-226 and §12-245-228; it does not extend to the investigation of criminal conduct as defined in 18 U.S.C. §1961. Such matters, if ever presented to CO DORA, are properly referred to the State of Colorado Attorney General's office, and/or district attorneys for the county jurisdictions across the state of Colorado, for further investigation, criminal indictment, and prosecution. See, C.R.S. §12-245-222 (1)(c). CO DORA lacks lawful

competency to fully evaluate the facts and evidence in the context that Plaintiff has alleged and presented in ECF #99, and against defendants' Association in Fact presented in ECF #52.

2. Importantly, unless the CO DORA review board *authorizes* an investigation and subsequently issue findings against Dr. Spiegle under C.R.S. §12-245-224 and §12-245-228, no facts or evidence contained in a CO DORA complaint are ever made public without either law enforcement or a court's intervention through its subpoena powers. This Court cannot conclude, as Defendants would like, that Plaintiff's new facts are immaterial without a review and hearing of the contents of the entire complaint against Spiegle. Under CO DORA's limited jurisdiction, powers and restrictions, a subpoena of the information and an in-camera review is necessary to get to the truth. In arguendo, if the federal attorney general is conducting a RICO investigation, would he/she be similarly denied access to this information? Consequently, Defendants' reliance on ECF #104-1 to support their argument the new facts are immaterial, to essentially tell this Court that, "there's nothing to see here … move along," is at best conclusory. At worst, a reasonable person can infer the possibility and potential for such CO DORA review boards to cover-up for the gross misconduct of corrupt practitioners that could severely undermine the general public's confidence and trust in the professions these boards oversee and regulate, such as racketeering. *See* ECF #52 EXHIBIT C.

3. Even if the CO DORA review board had decided to assign the complaint against Spiegle to be investigated – a complaint that will remain yet be made public until the investigation is concluded; and consequently, the facts, evidence, and allegations contained therein are presently and will continue to remain unknown to the public, to Plaintiff, and to this Court – any such investigation would nonetheless focus solely on the conduct of Spiegle. Most significantly, CO DORA's practices are inconsistent with the standards of investigations directed at uncovering racketeering enterprises, where these standards of criminal investigations not only focus on an individual defendant's conduct but must consider and determine the combined existence of (a) conduct, (b) of an enterprise, (c) through a pattern, (d) of racketeering activity. Simply stated,

CO DORA's charter, authority, and jurisdiction, see above ¶ 1, do not enable it to conduct thorough criminal investigations. Also, CO DORA investigations would not involve Akins and SPAL PC as CO DORA does not have jurisdiction over Akins and SPAL PC, nor are they the subject of the victim's CO DORA complaint. See again, C.R.S. §12-245-222 (1)(c).

***Defendants failed to provide any substantive arguments as to the relevance of the CO DORA review board findings to Plaintiff's new factual and inferential allegations for grounds to reopen Plaintiff's first claim against Defendants' Association in Fact in ECF #52.***

4. As set forth in Plaintiff's motions, ECF #99 and #102, the new facts, and factual and inferential allegations presented to this Court involves not only Defendant Spiegle, but other parties of interest named in ECF #99 and specifically, Dr. Gene D. Gross together with defendants Akins and SPAL PC, *see* ECF #99 at ¶ 7(iii)-(iv), (vi)-(viii).

5. These new facts are material and relevant to Plaintiff's allegations of a pattern and continuity of corrupt schemes to further racketeering activities perpetrated by Defendants, *see* ECF #52 at ¶ 118, as the new facts, supported by public records, show others victimized and injured from their encounters with defendants Akins, Spiegle, SPAL PC, and other principals within the Enterprise including as Drs. Gross and Fyfe. *See* ECF #99 and ECF #102.

6. Importantly, Dr. Spiegle through his attorneys in ECF #100 intentionally misrepresented to this Court his knowledge of both CO DORA case no. 2020-5533 and the identities of the Complainant(s). Dr. Spiegle intentionally obfuscated the facts by referring to Plaintiff's new facts and inferential allegations from ECF #99 as coming from an "anonymous" source.

7. Plaintiff further asserts on information and belief that as Akins and SPAL PC co-signed Spiegle's Response and filed ECF #100 jointly, and as Akins and SPAL PC are inextricably intertwined in Complainants' custody litigation which included Drs. Gross, Fyfe and Spiegle, at minimum it is plausible that Akins and SPAL PC also know the identity of Plaintiff's so-called "anonymous" source. Plaintiff argues the new facts presented in ECF #99 provide sufficient

details for Akins and SPAL PC to deduce the identity of Plaintiff's source from conversations with Spiegle and from facts presented in ECF #99 [*see*, ECF #99 at ¶ 7 (iii), (iv) and (vi)(g)].

8.   Furthermore, while Plaintiff has not been granted permission to disclose the identities of the Complainants at the direction of their lawyers[1], Plaintiff herein alleges, from the citation of CO DORA case no. 2020-5533 in ECF #99, that Dr. Richard Spiegle <u>knows</u> the identities of the Complainant who met with Plaintiff in September 2020.  Importantly, it is a fact that under state statute, policy, official action and practice, CO DORA must provide Dr. Spiegle with the identities of his accusers and the documents and exhibits filed under case no. 2020-5533.  However, once a case identifier is assigned, all documents and exhibits associated with the case must remain under public seal during and through the pendency of hearing by the CO DORA review board.  This again is a matter of official policy and constitute regular activities under CO DORA's duty to report.  Nonetheless, the fact a DORA complaint was filed against Dr. Spiegle under case no. 2020-5533 is both admissible and exempt from the rules on hearsay when the source is the Complainant and supported by public record.

9.   Plaintiff nonetheless identifies the source for his new facts as consisting of the originator of CO DORA case no. 2020-5533 [see, ECF #99, ¶ 7(i)], official public records, and other victims familiar with Spiegle, Gross, Fyfe, and Akins.  Neither Spiegle, Akins or SPAL PC disavowed or refuted Plaintiff's statement of the new facts in ECF #99 as untrue and false.  Importantly, Plaintiff moved to have this Court subpoena the documents and exhibits filed under

---

[1] As explained to Plaintiff by Complainants, the circumstances underlying this unusual request by Complainants' lawyers are: (i) that Complainants presently hold U.S. Dept. of Defense security clearances, and (ii) that any public record identifying them in a federal lawsuit, and with ongoing custody litigation in state court exposing them to potential retaliation, will jeopardize their ability to perform their current and future duties as federal employees / contractors involved in matters of national security.  As such, Plaintiff has little recourse other than to file a related but separate motion for in camera review of Complainants documents to further argue the probative value of the new facts; and for in camera hearing of the testimonies of Complainants regarding these new facts under protection and seal of this Court or in a manner this Court deems appropriate.

CO DORA case no. 2020-5533, and to subpoena the individuals providing the facts to testify before this Court under oath.

*More new material and probative facts from the December 4, 2020 CO DORA Review Board meeting.*

10. On information and belief, the December 4, 2020 CO DORA review board meeting agenda – wherein Defendant Spiegle's complaint was summarily dismissed without investigation – also included the review of a new complaint against Dr. Gross, a party of interest named in Plaintiff's motion, ECF #99, that is independent and unrelated to the prior complaints against Gross that earlier resulted in the temporary suspension of Gross' license to practice in Colorado. The public record will show that this complaint against Dr. Gross, believed to be CO DORA case no. 2020-6435 on the agenda for the December 4, 2020 board meeting, has been forwarded to the Office of the Attorney General, State of Colorado for further investigation and disposition. If ECF #102 is granted, Plaintiff intends to include this new fact in the issuance of subpoenas for records and witness testimonies.

11. Plaintiff's ECF #102 seeks from this Court an order (i) permitting Plaintiff to serve subpoena upon the Colorado Dept. of Regulatory Agencies (CO DORA) for records relating to DORA case no. 2020-5533, and all DORA records attached to the investigation of Dr. Gene D. Gross listed in the minutes of the State Board of Psychologist Examiners, Emergency Meeting Public Minutes – September 14, 2020; and (ii) to seal and maintain confidentiality of these records; and (iii) Plaintiff further requests an in-camera review of the subpoenaed records in conjunction with the new facts and inferential allegations submitted with Plaintiff's motion, ECF #99.

12. In ECF #99, among the several relief Plaintiff seeks from this Court is "for hearing instanter, to examine these new facts, to produce witnesses and testimonies in accordance with the Federal Rules of Evidence and laws governing this case."

13. As argued in the preceding section and paragraphs, Defendants' objections lack merit and fails to account for the breadth of the allegations arising from the new facts recently discovered alleging collaboration between Akins, Gross, Fyfe and Spiegle in the one instance (as relating to the complainant in CO DORA case no. 2020-5533, but not contingent to case no. 2020-5533 itself), and the separate investigations and allegations submitted by victims against Gross now before CO DORA and the Office of the Attorney General, state of Colorado, including those from the December 4, 2020 CO DORA review board meeting.  Importantly, Dr. Spiegle, Akins and SPAL PC through their attorneys have neither disavowed or refuted Plaintiff's statement of new facts in ECF #99 as untrue and false.  Defendants' ECF #104-1, by rules promulgated by CO DORA, fails to disclose any details of the substance of the complaint in CO DORA case no. 2020-5533 to allow this Court to objectively ascertain whether the same facts have probative value and material relevance in showing pattern and continuity in the context of Plaintiff's FIRST CLAIM; fails to disclose if any fact-based and evidentiary analyses was conducted, and further fails to disclose any objective basis for summary dismissal against the standards of C.R.S. §12-245-224; by design and the rules promulgated by the reviewing body, nothing is publicly known about the specifics of CO DORA case no. 2020-5533, the facts and evidence presented and those that were actually given consideration, or the board's rationale for summary dismissal in favor of foregoing any further investigations.  Consequently, this Court has no basis in law or foundation in fact nor the objectivity under the circumstances to find Plaintiff's factual and inferential allegations presented in ECF #99 at ¶ 7 lack probative and material relevance to Plaintiff's FIRST CLAIM against defendants' Association-in-Fact in ECF #52.  The only remedy to unlocking the truth in this matter is for this Court to grant the relief to Plaintiff sought in ECF #99 and ECF #102.

14. Indeed, if CO DORA stands by processes of review and Defendant Spiegle has nothing to hide, what's there to object to concerning an in-camera review of the relevant documents and testimonies?

*Defendants' argument for C.R.S. §12-245-226 (4)(a) is inapplicable and irrelevant*.

15. Defendants' argument to purpose C.R.S. §12-245-226 (4)(a) to deny Plaintiff access to the records of CO DORA case no. 2020-5533 through The Colorado Open Records Act, (CORA) C.R.S. § 24-72-201 et seq, due to the summary dismissal of the complaint against Spiegle, is wholly inapplicable and irrelevant. Plaintiff is seeking to have this Court exercise its power of subpoena and to fulfill its obligation to the federal Constitution concerning equal protection of law and due process, as presented in ECF #99 and ECF #102. Plaintiff's motion for the exercise of this Court's subpoena powers is intended to apply to witnesses, records, and documents.

*Colorado's Dept. of Regulatory Agencies is not the appropriate forum for the disposition of the type of racketeering claims alleged in ECF #52, and those now arising from the facts and inferred allegations of racketeering presented in ECF #99.*

16. The Colorado Dept. of Regulatory Agencies is an administrative review board consisting of state officials and appointed private individuals charged with (i) regulating professional practices and standards within the state of Colorado; (ii) hearing complaints against licensees filed by consumers; and (iii) imposing/enforcing disciplinary actions when practice standards and ethics violations occur. In CO DORA's own words, "DORA is dedicated to preserving the integrity of the marketplace and is committed to promoting a fair and competitive business environment in Colorado. Consumer protection is [its] mission."

17. On information and belief, CO DORA's profession/discipline-specific review boards are not capable of investigating interdisciplinary crimes of the kind alleged in Plaintiff's federal civil RICO lawsuit. Importantly, CO DORA's counterpart with jurisdiction over attorney discipline and complaints is the Office of Attorney Regulation Counsel, an entity under the authority of the Colorado Supreme Court. As such, the ultimate disposition by CO DORA of case no. 2020-5533 filed against Dr. Spiegle cannot be held to the same level of dispositive effect to Plaintiff's FIRST CLAIM. Indeed, CO DORA's disciplinary authority is derived from C.R.S. § 12-245-

224, which clearly makes provisions for judgments from courts of competent jurisdiction with authority to review matters under 18 U.S.C. §§ 1961-1968 [*see* C.R.S. § 12-245-224(1)(a)].

18. CO DORA does not have jurisdiction to review a civil RICO claim involving professional disciplines not within its statutory purview; nor is CO DORA a court of competent jurisdiction where matters of concern and issues at hand involve a federal claim of civil racketeering and violations of federal statutes – this authority is not provided for under C.R.S. § 12-245-224.

19. Complainants' grievances against Dr. Spiegle are independent and distinct from Plaintiff's FIRST CLAIM and is reviewed under different criteria due to fundamental differences with the nature and character of these two separate actions.  Complainants seek consumer protections from CO DORA for malpractice and negligence, whereas Plaintiff alleges criminal intent under the RICO ACT in perpetrated cahoots with Akins and SPAL PC that go beyond malpractice.

20. Importantly, Tanya Akins and SPAL PC are not named in Complainants' DORA filings in case no. 2020-5533 as they are not under the review board's jurisdiction and licensing authority; despite the fact Akins, SPAL PC and Spiegle are inextricably intertwined in Complainants' divorce and custody litigation.

21. Consequently, regardless of the outcome of CO DORA's hearing of case no. 2020-5533 against Spiegle, Plaintiff argues preemptively that the *Rooker-Feldman* doctrine is wholly inapplicable to justify dismissing this evidence should the outcome of case no. 2020-5533 favor Spiegle under C.R.S. § 12-245-224.  Plaintiff is presenting this new evidence under an independent claim apart from case no. 2020-5533.  In question is the relationship of Akins and SPAL PC with Spiegle, Gross, Fyfe and other bad actors as alleged in ECF #99, and the probative value of this evidence in showing that the RICO schemes to defraud as presented in ECF #52 are common and widespread across the Enterprise.  *See*, ECF #99, ¶¶ 8-9.

***Defendants' argument that this Court found Plaintiff's claims "were not the result of 'racketeering activity' within the meaning of RICO" is immaterial to ECF #99 and ECF #102.***

22. This Court evidenced an inconclusive stance with respect to Defendants' aforementioned argument when it stated in ECF #90 at 12, "Thus, although plaintiff asserts that the complaint establishes more than two predicate acts, he fails to explain why the magistrate judge erred in concluding that consideration of those predicate acts were precluded and fails to identify which predicate acts specifically support his RICO claim" and "even assuming that plaintiff has adequately alleged the requisite predicate acts of racketeering activity, the amended complaint does not satisfy the continuity requirement."

23. As argued in ECF #102 at ¶ 8, Plaintiff respectfully disagrees with this Court's opinion in ECF #90 at 12. To be clear, ECF #99 and ECF #102 are focused on addressing – pursuant to Fed.R.Cv.P. 60(b)(2) – the matter of the 'continuity requirement,' while the United States Court of Appeals for the Tenth Circuit consider Plaintiff's appeal of ECF #90. Plaintiff has met the requirements of Fed.R.Cv.P 62.1 and Fed.R.Cv.P. 60(b)(2) and 60(b)(6), and the new facts, factual and inferential allegations presented in ECF #99 and the relief sought in ECF #102 deserve consideration as the basis to reverse this Court's ruling on Plaintiff's FIRST CLAIM on the basis that if dismissal of this claim is warranted, it should be dismissed for lack of subject matter jurisdiction (re: this Court's opinion that Plaintiff had failed 'to identify which predicate acts specifically support his RICO claim) pursuant to the *Rooker-Feldman* doctrine.

## SUMMARY

24. The new facts presented in ECF #99 are material, admissible and provide substantive probative value in relations to Plaintiff's motion for relief pursuant to Fed.R.Cv.P. 62.1 and Fed.R.Cv.P. 60(b)(2) and 60(b)(6). Importantly, Spiegle and Defendants failed to show "that the source of information or other circumstances indicate a lack of trustworthiness" for which this Court cannot remedy through its discretionary authority to subpoena witnesses and documents under seal; for an in-camera inspection; and including an examination of defendants Akins and Spiegle, victims and members of the CO DORA STATE BOARD OF PSYCHOLOGIST

EXAMINERS on the witness stand under oath concerning Plaintiff's factual and inferential allegations in ECF #99 and the public record from the December 4, 2020 board meeting (e.g. recorded transcripts from the public meeting).   Fed.R.Evid. 803(8)(A) and (B), and Fed.R.Evid. 807 are satisfied in ECF #99 by Plaintiff having identified the source of his evidence as the Complainant in CO DORA case no. 2020-5533, CO DORA complaints against Dr. Gene Gross, and reliance on available public records.  Importantly, because of the confidentiality imposed by CO DORA the only lawful and meaningful means to ascertain the probative value and material relevance of the new facts supporting Plaintiff's factual and inferential allegations from ECF #99 is for this Court to grant Plaintiff's relief as set forth in ECF #102.

                      Respectfully submitted,

                      s/ Gilbert T. Tso
                      ***Gilbert T. Tso***
                      3700 Quebec Street, #100-228
                      Denver, CO  80207
                      Telephone: 312-339-1968
                      Email: gilbert.tso@gmail.com
                      *Pro Se Plaintiff, Party of Record*

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within *Plaintiff's REPLY to Defendants' Responses, ECF # 104, ECF #105 and ECF #106, Concerning Plaintiff's MOTION, ECF #102 and ECF #99* upon all parties herein by depositing copies of same via CM/ECF, this 30th day of December 2020, addressed as follows:

**By CM/ECF:**

Allison R. Ailer, Ass't. Att'y General
State of Colorado
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
E-Mail: allison.ailer@coag.gov
*Counsel of Record

Richard M. Murray, Esq.
Polsinelli P.C. - Denver
1401 Lawrence Street, Ste. 2300
Denver, CO 80202
E-Mail: rmurray@polsinelli.com
         rwarren@polsinelli.com
*Counsel of Record

Robert A. Wolf, Esq.
Sherri L. Catalano
City and County of Denver
1200 Federal Blvd., 4th Floor
Denver, CO 80204
E-Mail: robert.wolf@denvergov.org
*Counsels of Record

Eric M. Ziporin
Jonathan N. Eddy
Senter Goldfarb & Rice, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
E-Mail: eziporin@sgrllc.com
         jeddy@sgrllc.com
*Counsels of Record

Tory D. Riter, Esq.
Kelly L. Kafer, Esq.
Baldwin Morgan & Rider, P.C.
1512 Larimer Street, Ste. 450
Denver, CO 80202
E-Mail: triter@morganrider.com
         kkafer@morganrider.com
*Counsels of Record

Kevin S. Taylor, Esq.
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
E-Mail: ktaylor@talawfirm.com
*Counsel of Record


s/ Gilbert T. Tso_____
***Gilbert T. Tso***
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*