**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 3, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

| | |
|---|---|
| GILBERT T. TSO, a natural person and an American,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>REBECCA MURRAY, a/k/a Tso, individually; TANYA AKINS, individually; SHERR PUTTMANN AKINS LAMB PC, a law firm; JEANNIE RIDINGS, individually; KILLIS RIDINGS & VANAU PC, a law firm; RUSSELL M. MURRAY, individually; DENA MURRAY, individually; JOANNE JENSEN, individually; RICHARD F. SPIEGLE, Psy. D., individually; ELIZABETH A. STARRS, individually; CHARLES D. JOHNSON, individually; ROSS B.H. BUCHANAN, individually; DAVID H. GOLDBERG, individually; MONICA JACKSON, individually; LARA DELKA, individually; CHRISTIAN MADDY, individually; JENNIFER ADELMANN, individually,<br><br>    Defendants - Appellees. | No. 20-1142<br>(D.C. No. 1:19-CV-00293-PAB-STV)<br>(D. Colo.) |

_____

**ORDER AND JUDGMENT**[*]

---

[*] The parties waive oral argument, and it would not materially help us to decide the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). So we have decided the appeal based on the record and the parties' briefs.

_____

Before **BACHARACH**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

This appeal grew out of state-court proceedings involving a divorce and disputes over child-custody and related support. Unhappy with the proceedings and the result, Mr. Gilbert Tso has filed four federal lawsuits against his ex-wife, her attorneys, her parents, and government officials. This appeal involves the fourth of the federal lawsuits.

In this lawsuit, Mr. Tso sued for violations of RICO, the federal constitution, and state law. The federal district court dismissed all of the federal causes of action, concluding that

- one RICO cause of action had failed to state a valid claim and
- the remaining federal causes of action were barred under the Rooker-Feldman doctrine.

After dismissing the federal causes of action, the court declined supplemental jurisdiction over the state causes of action and imposed filing restrictions. Mr. Tso appeals, and we affirm.

---

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

### 1. The magistrate judge did not erroneously stay discovery.

Mr. Tso contends that the magistrate judge erroneously stayed discovery while awaiting a ruling on the defendants' motion for filing restrictions. Mr. Tso waived this contention, and it lacks merit.

Mr. Tso objected to the magistrate judge's ruling, but he did not argue there that discovery had been improperly stayed. The omission of that argument constitutes a waiver under the firm-waiver rule. *See Sinclair Wyo. Refining Co. v. A & B Builders, Ltd.*, Nos. 19-8042 & 19-8053, \_\_F.3d \_\_, \_\_, 2021 WL 672247, at *22–23 (10th Cir. Feb. 22, 2021).

This contention also lacks merit because Mr. Tso misunderstands the magistrate judge's ruling. The magistrate judge stayed some filing deadlines, but did not stay discovery.[1]

For both reasons, we reject Ms. Tso's challenge to the alleged stay of discovery.

### 2. The district court did not erroneously apply the Rooker-Feldman doctrine.

Mr. Tso also challenges the district court's reliance on the Rooker-Feldman doctrine. Under this doctrine, the federal district court lacks jurisdiction over a suit challenging the correctness of a state-court

---

[1] The parties do not generally file depositions, interrogatories, document requests, admission requests, deposition notices, or subpoenas. Fed. R. Civ. P. 5(d)(1)(A); D. Colo. L. Civ. R. 5.3(a).

ruling. *Bolden v. City of Topeka*, 441 F.3d 1129, 1142–43 (10th Cir. 2006). On this issue, we conduct de novo review. *Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007).

According to Mr. Tso, the Rooker-Feldman doctrine does not apply because (1) the state-court orders were void ab initio and (2) the state courts did not provide due process. Both arguments are invalid.

We rejected the first argument in Mr. Tso's prior appeal: *Tso v. Murray*, 822 F. App'x 697, 701 (10th Cir. 2020) (unpublished). Our decision there precludes Mr. Tso from reurging the same argument in another federal case. *Requena v. Roberts*, 893 F.3d 1195, 1209 (10th Cir. 2018). So we again reject Mr. Tso's effort to avoid the Rooker-Feldman doctrine by characterizing the state-court orders as void ab initio.

Mr. Tso also argues that the Rooker-Feldman doctrine does not cover claims involving denial of procedural due process. We rejected this argument in *Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006). Under *Bolden*, Mr. Tso's argument lacks merit.

**3.  The district court did not err in dismissing the first RICO cause of action.**

In his first RICO cause of action, Mr. Tso alleged that his ex-wife, her attorneys, her parents, and a court-appointed psychologist had engineered a racketeering enterprise by increasing the litigation costs in the domestic-relations proceedings and by failing to transfer title to his

4

real property. The district court dismissed this cause of action based on a failure to adequately plead (1) a predicate act of racketeering activity and (2) a pattern of racketeering activity. Mr. Tso challenges the first rationale, contending that he adequately pleaded a pattern of racketeering activity. We reject this contention for two reasons.

First, Mr. Tso does not address the district court's reliance on the second rationale (failure to adequately plead a predicate act of racketeering activity). He asserts that he alleged predicate acts of mail and wire fraud, extortion, robbery, peonage, obstruction of enforcement, and involuntary servitude. But he does not say how his allegations would satisfy the elements of these offenses. He has thus waived a challenge to the district court's reliance on the failure to adequately plead a predicate act. Because this failure constituted an alternative basis for the ruling, we would need to affirm even if Mr. Tso had adequately pleaded a pattern of racketeering activity. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004).

Second, the RICO cause of action does not reflect the continuity required to constitute a pattern of racketeering activity. Mr. Tso alleged that he had been targeted by his ex-wife, her attorneys, her parents, and a court-appointed psychologist. But Mr. Tso has alleged no facts suggesting a potential threat to others.

**4.   The district court did not err in imposing filing restrictions.**

Mr. Tso also challenges the filing restrictions, arguing that he did not act in bad faith, his conduct was not egregious enough to justify filing restrictions, his arguments were not frivolous, and less restrictive means existed. But we rejected the same arguments in his prior appeal. *Tso v. Murray*, 822 F. App'x 697, 702 (10th Cir. 2020) (unpublished). Our reasoning there is equally applicable here.

* * *

We reject Mr. Tso's contentions, concluding that

- the magistrate judge did not erroneously stay discovery and

- the district court did not err in dismissing the first RICO cause of action, applying the Rooker-Feldman doctrine, or imposing filing restrictions.

We thus affirm the dismissal and imposition of filing restrictions.

    Entered for the Court


    Robert E. Bacharach
    Circuit Judge

6

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert                                        Jane K. Castro
Clerk of Court                 March 03, 2021                 Chief Deputy Clerk

Mr. Gilbert T. Tso
3700 Quebec Street, Unit 100
Denver, CO 80207

RE:   20-1142, Tso v. Murray, et al
      Dist/Ag docket: 1:19-CV-00293-PAB-STV

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

                                      Sincerely,

                                      Christopher M. Wolpert
                                      Clerk of the Court

cc:   Allison R Ailer
      Sherri L. Catalano
      Jonathan Neal Eddy
      Kelly L. Kafer
      James D. Murdock II
      Richard Maxton Murray
      Amy Jean Packer
      Tory D. Riter
      Kevin Scott Taylor
      Valentine Uduebor
      Robert Wolf
      Eric Michael Ziporin

CMW/lg