**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 19-CV-0293-PAB-STV

| | |
|---|---|
| Gilbert T. Tso, a natural person and an American, ) | Article III, Court of Records |
| ) | Common Law |
| Plaintiff, ) | |
| ) | Verified Complaint for: |
| v. ) | |
| ) | ================================ |
| Rebecca Murray (a.k.a. Tso), et al., ) | Civil RICO; Violations of Civil Rights, States & |
| ) | Federal Statutes; Injunctive Relief (Sought) |
| ) | |
| Defendants. ) | Demand for Trial by Jury where permitted. |
| ) | |

**Plaintiff's Motion for Relief from Judgment, ECF # 91 and from Order, ECF #90
Pursuant to
Fed.R.Cv.P. 60(b)(1) and 60(b)(6)
re: Rule 8(a)(2) and Rule 12(b)(6) in FIRST CLAIM.**

Plaintiff comes now and states before this Honorable Court the following:

a) On March 3, 2021, the United States Court of Appeals for the Tenth Circuit issued its ruling in case no. 20-1142 concerning the appeal of the Final Judgment, ECF #52, returning jurisdiction to this Honorable Court.

Pursuant to Fed.R.Cv.P. 60(b)(1) and 60(b)(6), Plaintiff moves this Honorable Court through this *MOTION for Relief from Judgment* et seq, for relief from dismissal with prejudice under Rule 12(b)(6) as opposed to dismissal without prejudice under Rule 8(a)(2) as applied to Plaintiff's FIRST CLAIM. Such relief would set aside (1) Final Judgment, ECF #91, and (2) post-judgment Order, ECF #90, as applied and pertaining to the dismissal of Plaintiff's FIRST CLAIM with prejudice; and pending this Court's ruling on ECF #113 entered together with this MOTION, to reopen Plaintiff's First Claim for hearing of new facts pursuant to Fed.R.Cv.P. 60(b)(2), and for limited discovery as required and befitting under due process.

This *MOTION* is timely entered as the Order Accepting Magistrate's Recommendations, ECF #51, was entered on March 9, 2020, and the Final Judgment regarding Plaintiff's Amended Complaint, ECF #52, specific to Plaintiff's FIRST CLAIM, was entered on March 10, 2020.

## MEMORANDUM OF LAW AND CIVIL PROCEDURES

Fed.R.Cv.P. 60 (b)(1) and (b)(6), and (d)(1) state in relevant parts:

>    (b) *Grounds for Relief from a Final Judgment, Order, or Proceeding.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>    (1) mistake, inadvertence, surprise, or excusable neglect;
>    :
>    (6) any other reason that justifies relief.
>
>    (d) *Other Powers to Grant Relief.* This rule does not limit a court's power to:
>
>    (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

## CAUSE AND JUSTIFICATION FOR RULE 60 MOTION

1. Pursuant to Fed.R.Cv.P. 60(b)(1) and (b)(6), and 60(d)(1), Plaintiff has good cause and justification for this MOTION as:

    a) The Court agreed with the magistrate judge that the amended complaint, ECF #52, violates Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." [*See*, ECF #90 at footnote [8] citing *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007) noting that a violation of Rule 8(a) is "sufficient reason to dismiss [a] complaint" without prejudice and that it is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading"].

    b) In ECF #74, Plaintiff respectfully disagreed with the magistrate judge's conclusion that Plaintiff's FIRST CLAIM failed to allege multiple schemes and failed to cite

actual RICO predicates.  However, in ECF #74, @ ¶ 48, Plaintiff showed that ECF #52 had presented at least three schemes (#1- Best Interest of Child, #3- Using Courts, and #4/#5 – Conduct), and more than the minimum two incidences of predicates cognizable under 18 USC §1961(a) that were not subject to the *Rooker-Feldman* doctrine under:

    (a) Acts and Liabilities Under **18 USC § 1951 – Extortion and Robbery** at ECF #52, ¶ 212; and

    (b) Acts and Liabilities Under **18 USC §§ 1341, 1343 – Honest Services, Mail and Wire Fraud** at ECF #52, ¶¶ 235, 236(i), (ii), and (v).

2.  On March 3, 2021, the United States Court of Appeals for the Tenth Circuit noted in their ruling regarding Plaintiff's FIRST CLAIM that "The district court dismissed this cause of action based on a failure to adequately plead (1) a predicate act of racketeering activity and (2) a pattern of racketeering activity."  It went on to say that "… Mr. Tso does not address the district court's reliance on the second rationale (failure to adequately plead a predicate act of racketeering activity). He asserts that he alleged predicate acts of mail and wire fraud, extortion, robbery, peonage, obstruction of enforcement, and involuntary servitude. But he does not say how his allegations would satisfy the elements of these offenses.  He has thus waived a challenge to the district court's reliance on the failure to adequately plead a predicate act. Because this failure constituted an alternative basis for the ruling, we would need to affirm even if Mr. Tso had adequately pleaded a pattern of racketeering activity. *Bones v. Honeywell Int'l, Inc*., 366 F.3d 869, 877 (10th Cir. 2004)."

3.  Plaintiff respectfully disputes both the Court's conclusion that ECF #52 failed to allege at least two RICO predicates cognizable under 18 USC §1961, and the assertion that Plaintiff "did not say how his allegations would satisfy the elements of these offenses," and in support states the following.

## **ARGUMENT**

4.  The District Court erred in its reliance on Rule 12(b)(6) as opposed to Rule 8(a)(2) to dismiss Plaintiff's FIRST CLAIM with prejudice.  Plaintiff respectfully argues that this is evident from the incidents of RICO predicates listed above in paragraph 1, which arising from defendants knowingly and willfully acting to harm Plaintiff absent any relations to a state court order.  Indeed, the several incidents of harassment and threats of legal entanglement to Plaintiff's business associates, executive recruiters and potential employers had no relations whatsoever to any state court orders or relevance to any ongoing controversies before the state courts.  Neither does the rendering of services without a court order by Spiegle for personal enrichment, in cahoots with Akins and Rebecca using wire and mail to transmit false reports intended to churn litigation, and that these services were harmful and injurious to Plaintiff, cannot be implicated by *Rooker-Feldman*.  This incident involving Spiegle prior to any court orders is more fully documented in ECF #52 @ ¶¶ 228-234.

5.  It is indisputable that Plaintiff is untrained in law and constructing legal pleadings; as such, Plaintiff may be prone to excusable neglect.  Specifically, the Court never identified in ECF #73 and ECF #90 the cause for dismissal was due to Plaintiff not adequately stating how his allegations would satisfy the elements of the *predicates*, as opposed to the elements for sufficiently pleading an 18 USC §1962 claim.  Plaintiff respectfully requests the Court to please identify which element(s) for a *predicate claim* are missing from Plaintiff's RICO pleading alleging certain predicates occurred; according to Plaintiff's review of jury instructions commonly applied to each of the relevant predicates in criminal litigation, Plaintiff believes he has sufficiently and adequately pleaded these predicates for the purposes of Rule 8(a)(2) and that these predicates would be proven at trial.  As such, Plaintiff cannot ascertain where his pleadings may have fallen short on any element without a more specific clarification from the Court.  Consequently, Rule 60(b)(1), excusable neglect is applicable in this instance and Plaintiff has cause to seek relief from judgment to properly respond.

## MOTION

6. Pursuant to Fed.R.Cv.P. 60(b)(1), (b)(6) and (d)(1), Plaintiff respectfully moves this Court for relief; and thereafter grant relief from Judgment, ECF #91 and Order ECF #90 for the dismissal of Plaintiff's FIRST CLAIM in ECF #52 pursuant to Rule 12(b)(6) and any other relief as appropriate in conjunction with a ruling on Plaintiff's other Rule 60 MOTION, ECF #113, also entered on this day, the 9th of March 2021.

## SUMMARY AND PRAYER

**WHEREFORE**, pursuant to Fed.R.Cv.P. 60(b)(1), 60(b)(6) and 60(d)(1), your undersigned Plaintiff, Gilbert T. Tso, now prays that this Honorable Court:

(A) GRANT Plaintiff's motion for RELIEF FROM JUDGMENT/ORDER re: the dismissal of Plaintiff's FIRST CLAIM under Rule 12(b)(6); and in conjunction with a ruling on Plaintiff's other Rule 60 MOTION, ECF #113,

(B) any other relief that the Court deems fair and equitable.

Respectfully submitted,

s/ Gilbert T. Tso
*Gilbert T. Tso*
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*

## CERTIFICATION OF DUTY TO CONFER

On March 4, 2021 Plaintiff contacted Defendants' counsels to confer on Plaintiff's *Motion for Relief from Judgment, ECF # 91 and from Order, ECF #90 Pursuant to Fed.R.Cv.P. 60(b)(1), (b)(6) and (d)(1)*.

Counsels for defendants all indicated they oppose this Motion.  Plaintiff reports this is a contested motion.

s/ Gilbert T. Tso_____
*Gilbert T. Tso*
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*

**CERTIFICATE OF SERVICE**

    This is to certify that I have duly served the within *Plaintiff's Motion Pursuant to Fed.R.Cv.P. 62.1 for an Indicative Ruling on a Fed.R.Cv.P. 60(b)(2) and (b)(6), (d)(1) Motion for Relief from Judgment, ECF # 91; and from Order, ECF # 90* upon all parties herein by depositing copies of same via CM/ECF, this 9th day of March 2021, addressed as follows:

**By CM/ECF:**

Allison R. Ailer, Ass't. Att'y General
State of Colorado
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
E-Mail: allison.ailer@coag.gov
*Counsel of Record

Robert A. Wolf, Esq.
Sherri L. Catalano
City and County of Denver
1200 Federal Blvd., 4th Floor
Denver, CO 80204
E-Mail: robert.wolf@denvergov.org
*Counsels of Record

Tory D. Riter, Esq.
Kelly L. Kafer, Esq.
Baldwin Morgan & Rider, P.C.
1512 Larimer Street, Ste. 450
Denver, CO 80202
E-Mail: triter@morganrider.com
        kkafer@morganrider.com
*Counsels of Record

Richard M. Murray, Esq.
Polsinelli P.C. - Denver
1401 Lawrence Street, Ste. 2300
Denver, CO 80202
E-Mail: rmurray@polsinelli.com
        rwarren@polsinelli.com
*Counsel of Record

Eric M. Ziporin
Jonathan N. Eddy
Senter Goldfarb & Rice, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
E-Mail: eziporin@sgrllc.com
        jeddy@sgrllc.com
*Counsels of Record

Kevin S. Taylor, Esq.
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
E-Mail: ktaylor@talawfirm.com
*Counsel of Record

 

s/ Gilbert T. Tso_____
*Gilbert T. Tso*
3700 Quebec Street, #100-228
Denver, CO 80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*