**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-CV-00293-PAB-STV

GILBERT T. TSO, individually

    Plaintiff,

v.

REBECCA MURRAY, individually;
TANYA AKINS, individually and official capacities;
SHERR PUTTMANN AKINS LAMB PC, a law firm;
JEANNIE RIDINGS, individually;
KILILIS RIDINGS & VANAU PC, a law firm;
RUSSELL M. MURRAY, individually;
DENA MURRAY, individually;
JOANNE JENSEN, individually;
RICHARD F. SPIEGLE Psy.D., individually,
ELIZABETH A. STARRS, individually,
DAVID P. BRODSKY, individually,
CHARLES D. JOHNSON, individually,
ROSS B.H. BUCHANAN, individually,
DAVID H. GOLDBERG, individually,
MONICA JACKSON, individual and official capacity,
LARA DELKA, individual and official capacity,
CHRISTIAN MADDY, individual and official capacity,
JENNIFER ADELMANN, individual and official capacity,
DON MARES, official capacity,
BARRY PARDUS, official capacity,
MICHAEL DIXON, official capacity,
CYNTHIA COFFMAN, official capacity,
19TH JUDICIAL CIRCUIT COURT, LAKE CO., IL,
2ND DISTRICT COURT, DENVER COUNTY, CO,
DENVER DEPT. OF HUMAN SERVICES,
COLORADO DIVISION OF MOTOR VEHICLES,
and CITY AND COUNTY OF DENVER

    Defendants.

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT**

---

Defendants Tanya Akins, Sherr Puttmann Akins Lamb, P.C., Jeannie Ridings, Kililis Ridings & Vonau, P.C., Richard F. Spiegle, Psy.D., City and County of Denver, Denver Department of Human Services, Monica Jackson, Lara Delka, Christian Maddy, Jennifer Adelmann, Don Mares, Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Barry Pardus, Michael Dixon, Cynthia Coffman, 2nd District Court, Denver County, CO, the Colorado Department of Human Services, and the Colorado Division of Motor Vehicles (collectively "Defendants"), through their undersigned counsel, hereby submit the following Response to Plaintiff's Motions for Relief from Judgment, ECF #91 and from Order, ECF #90 Pursuant to Fed.R.Civ.P. 60(b)(2). (b)(6) and (d)(1); and for Subpoena and In Camera Review re: New Facts (the "Motions") [ECF Nos. 113 and 114]. For the reasons stated herein, Plaintiff's Motions should be denied.

## I. Introduction

There is no reason this Court should consider Plaintiff's Motions as they consists entirely of re-argument from motions the Court has already heard [ECF Nos. 99 and 102], and arguments put forth in Plaintiff's appeal of this Court's Judgment that the 10th Circuit Court of Appeals has already affirmed. Is his Motions, Plaintiff re-argues that this District Court: (1) wrongly concluded it lacked subject matter jurisdiction; (2) wrongly denied Plaintiff discovery; (3) erred in dismissing Plaintiff's First Claim; and (4) the new facts and inferred allegations presented in ECF No. 99 are material to Plaintiff's First Claim [EFC No. 113 at ¶¶ 5-10].

These arguments were previously made by Plaintiff in his Motion for Indicative Ruling, his Motion for Relief from Judgment, ECF #91, and from Order, ECF #90 [ECF No. 99] and his Motion for Subpoena and In Camera Review re: New Facts Presented in ECF #99, and in Reply to ECF #100 [ECF No. 102]. Furthermore, Plaintiff asserted similar argument in appealing, before

the 10th Circuit Court of Appeals, this Court's Final Judgment in this matter. In affirming this Court's decisions, the 10th Circuit Court of Appeals held: (1) The Magistrate Judge did not erroneously stay discovery; (2) The district court did not erroneously apply the *Rooker-Feldman* doctrine; (3) The district court did not err in dismissing the first RICO cause of action; and (4) The district court did not err in imposing filing restrictions [ECF No. 108]. Thus, Plaintiff's Motions must be denied.

## II. Standard of Review

Relief from a judgment under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Le Fleur v. Teen Help.*, 342 F.3d 1145, 1153 (10th Cir. 2003). Plaintiff must also overcome a higher hurdle to obtain relief on the basis of a post judgment motion than on direct appeal from a Judgment. *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1439-40 (10th Cir. 1990). More importantly, in deciding these Motions, the Court does not revisit the propriety of the underlying Judgment or Order. *Id*. at 1153-54.

Furthermore, relief under Rule 60(b)(2) requires the presentation of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.R.Civ.P. 60(b)(2). More specifically, as the Tenth Circuit has explained, this requires the moving party to establish the following: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011).

### III.  Argument

### A. Defendants Incorporate by Reference Previous Arguments Put Forth In Response to Plaintiff's Previous Motions, ECF Nos. 99 and 102

First, Defendants hereby incorporate by reference their prior Responses to Plaintiff's Motions, including all exhibits and arguments in their entirety. Specifically, Defendants hereby incorporate by reference all exhibits and arguments put forth in ECF Nos. 100, 104, and 106, including the argument that Plaintiff's Motions fail to offer evidence that is material or would produce a different result because Plaintiff's Motions fail to present any actual evidence. Instead, he offers only more of the same vague, conclusory, and unsupported allegations of wrongdoing present in his Complaint that were deemed insufficient to support his claims.

### B. The 10th Circuit Court of Appeals' Order and Judgment Contains the Controlling Authority For This Matter, Which Requires Denial Of Plaintiff's Motions

#### 1. Tso Waived His Argument Regarding a Stay of Discovery, and the Argument Lacks Any Merit

Here, Plaintiff has alleged that he was wrongly denied discovery by the District Court [ECF 113 at ¶¶ 5-6]. However, Plaintiff has waived his right to assert such an argument, and his arguments entirely lack merit. While Plaintiff objected to the Magistrate's ruling, he did not argue that discovery had been improperly stayed at that time. By failing to timely assert that argument, Plaintiff has waived his right to assert it. *See Sinclair Wyo. Refining Co. v. A & B Builders, Ltd.*, Nos. 19-8042 & 19-8053, 2021 WL 672247, at *22-23 (10th Cir. Feb 22, 2021).

Furthermore, Plaintiff's argument lacks merit due to his misunderstanding of the Magistrate's ruling. The Magistrate's Ruling only stayed some filing deadlines, but did not stay discovery in its entirety. Thus, Plaintiff was not wrongly denied discovery, and his argument fails.

#### 2. *Rooker-Feldman* was Properly Applied

Plaintiff's Motions also assert the argument that the District Court wrongly concluded it

lacked subject matter jurisdiction over certain claims put forth by Plaintiff as a result of the *Rooker-Feldman* doctrine [ECF 113 at ¶¶ 5-6]. However, Plaintiff's argument fails because the District court properly applied the Rooker-Feldman doctrine, and Plaintiff does not assert an actual argument in support of his assertion that District Court wrongly concluded it lacked subject matter jurisdiction over certain claims put forth by Plaintiff as a result of the *Rooker-Feldman* doctrine.

The only mention of *Rooker-Feldman* beyond Plaintiff's assertion that the District Court wrongly applied *Rooker-Feldman*, is the conclusory statement that "the *Rooker-Feldman* doctrine apparently does not apply to his First Claim" [ECF 113 at ¶ 6]. Here, Plaintiff's argument fails because he has put forth no arguments in support of his claim that *Rooker-Feldman* was improperly applied by the District Court.

Furthermore, Plaintiff has had this argument denied twice on appeal. First, it was denied on the merits in Plaintiff's prior appeal: *Tso v. Murray*, 822 F. Appendix 697, 701 (10th Cir. 2020) (unpublished). Then most recently, the 10th Circuit declined to address the issue because Plaintiff is precluded from rearguing the same argument in another federal case. *Requena v. Roberts*, 893 F.3d 1195, 1209 (10th Cir. 2018). Thus, irrespective of the reasoning, Plaintiff's argument fails.

### 3. Plaintiff's First Claim was Properly Dismissed

Plaintiff's last argument is that the District Court erred in dismissing its RICO claim [ECF 114 at ¶ 4] [ECF 113 at ¶¶ 7-8]. However, Plaintiff's RICO claim was dismissed because he failed to adequately plead (1) a predicate act of racketeering activity and (2) a pattern of racketeering activity.

Here, Plaintiff does not even make an attempt to argue that the first element was satisfied, as he does not allege any arguments that a predicate act of racketeering activity has occurred. Instead, Plaintiff only argues, in a conclusory fashion, that a pattern of racketeering activity

5

exists. However, even in doing that he fails to present any arguments beyond mere conclusory statements sufficient evidence exists to show a pattern of racketeering activity.

As Plaintiff has failed to adequately allege any arguments to counter the ruling that he hasn't alleged a predicate act of racketeering activity, Plaintiff has waived a challenge to that ruling. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004). Thus, all of Plaintiff's arguments fail.

WHEREFORE, for the reasons stated herein, Defendants respectfully request that the Court enter an order denying Plaintiff's Motions under Rule 60.

Respectfully submitted this 30 March 2021.

*s/ Peter R. Pidermann*
James D. Murdock II, Esq.
Peter R. Pidermann, Esq.
Taylor|Anderson, LLP
1670 Broadway, Suite 900
Denver, CO 80202
Phone: (303) 951-0268
jdmurdock@talawfirm.com
ppidermann@talawfirm.com
*Attorneys for Richard F. Spiegle, Psy. D.*

*s/ Kelly L. Kafer*
Tory D. Riter, Esq.
Kelly L. Kafer, Esq.
Morgan Rider Riter Tsai, PC 1512
Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
triter@morganrider.com,
kkafer@morganrider.com
*Attorneys for Tanya Akins, Sherr*
*Puttmann Akins Lamb, P.C., Jeannie*
*Riding, and Kililis Ridings*
*& Vonau, P.C.*

*s/ Robert A. Wolf*
Robert A. Wolf, Esq.
Sherri L. Catalano, Esq.
Office of the Denver City Attorney
1200 Federal Boulevard, 4th Floor
Denver, CO 80204
Phone: (720) 944-2626
robert.wolf@denvergov.org
*Attorneys for City and County of Denver, Denver Department of Human Services, Monica Jackson, Lara Delka, Christian Maddy, Jennifer Adelmann, and Don Mares*


*s/ Allison R. Ailer*
Allison R. Ailer
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6617
FAX: (720) 508-6032
allison.ailer@coag.gov
*Attorney for Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Barry Pardus, Michael Dixon, Cynthia Coffman, 2nd District Court, Denver County, CO, the Colorado Department of Human Services, and the Colorado Division of Motor Vehicles*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March 2021, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT** was filed with the court and served on the following:

Gilbert T. Tso
4255 Kittredge St., #922
Denver, CO 80239
*Pro Se Petitioner*

Richard Maxton Murray
Polsinelli PC-Denver
1401 Lawrence Street
Suite 2300
Denver, CO 80202
303-583-8242

Eric Ziporin
Ryan McGrath
Senter Goldfarb & Rice LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210

*s/ Theresa A. Coe*
Theresa A. Coe