**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 19-CV-0293-PAB-STV

| | | |
|---|---|---|
| Gilbert T. Tso, a natural person and an American, | ) | Article III, Court of Records |
| | ) | Common Law |
| Plaintiff, | ) | |
| | ) | Verified Complaint for: |
| v. | ) | |
| | ) | ================================ |
| Rebecca Murray (a.k.a. Tso), et al., | ) | Civil RICO; Violations of Civil Rights, States & |
| | ) | Federal Statutes; Injunctive Relief (Sought) |
| | ) | |
| Defendants. | ) | Demand for Trial by Jury where permitted. |
| | ) | |

**Plaintiff's Reply
To
Defendants' Response to Motion for Relief from Judgment, ECF #114 and ECF #99
And
Plaintiff's Motion for IN-CAMERA Review of New Facts, ECF #102, #103 and #113.**

Plaintiff comes now and states before this Honorable Court the following in REPLY to Defendants' Responses to ECF #114, and to Plaintiff's Motion for IN CAMERA Review of New Facts, ECF #102, of facts presented in ECF #99.

Pursuant to Fed.R.Cv.P. 60(c)(1), Plaintiff timely filed motions pursuant to Fed.R.Cv.P. 60(b)(1), 60(b)(2), 60(b)(6) and 60(d)(1) before this Honorable Court in ECF #99, ECF#102, ECF #103, ECF #113 and ECF #114. In his motions, Plaintiff seeks an IN-CAMERA review of new facts and testimonies of witnesses under oath pursuant to Fed.R.Cv.P. 60(b)(2) and 60(d)(1) as petitioned in ECF #102, #103 and #113. Such relief would set aside (1) Final Judgment, ECF #91, and (2) post-judgment Order, ECF #90, as applied and pertaining to the dismissal of Plaintiff's FIRST CLAIM with prejudice; relief would also reopen Plaintiff's First Claim for

hearing of new facts pursuant to Fed.R.Cv.P. 60(b)(2), and for limited discovery as required and befitting under due process.

These MOTIONS, all entered on or before March 10, 2021, were timely entered as the Order Accepting Magistrate's Recommendations, ECF #51, was entered on March 9, 2020, and the Final Judgment regarding Plaintiff's Amended Complaint, ECF #52, specific to Plaintiff's FIRST CLAIM, was entered on March 10, 2020.

## **ARGUMENT**

Plaintiff incorporates by reference previous arguments presented in Reply to Defendants' Responses to ECF #99, ECF #102, ECF #103 and ECF #113.  Additionally, Plaintiff presents the following:

**I. The U.S. Court of Appeals and Defendants errored regarding discovery.**

On March 3, 2021, the United States Court of Appeals for the Tenth Circuit noted in their finding regarding Plaintiff's FIRST CLAIM that the District Court had not "stayed discovery" as Plaintiff /Appellant asserts, and it was Plaintiff's "misinterpretation" of the order that was the cause.  Plaintiff disagrees.  The Tenth Circuit further errored in contending that Plaintiff waived his right to assert all arguments relating to a "stay of discovery."  Again, Plaintiff disagrees.  Plaintiff never waived his argument that the District Court "stayed discovery" in his objections to the Magistrate's Recommendations, ECF #74, as evidenced in ECF #74 at ¶¶ 46-7.  See also, Defendants' RESPONSE, ECF #116 at ¶ B.1.

The extent to which Plaintiff has been subjected to repeated denials of fact, exploited for imperfect wordsmithing, and blatant intellectual dishonesty is incomprehensible for any reasonable person.  Referring to this Court's, *sua sponte* ORDER, ECF #56, which states in relevant part:

"… In light of 29 Defendants' Motion for Sanctions, the Court sua

sponte STAYS the deadline for Defendants to respond to 52 Amended Complaint *and any further filings by Plaintiff unrelated to 29 Defendants' Motion for Sanctions pending a ruling on 29 Defendants' Motion for Sanctions*. SO ORDERED, by Magistrate Judge Scott T. Varholak on 6/04/2019." [emphasis added]

This Court's ORDER, ECF #56, for all intents and purposes, and without necessarily stating it would stay discovery, indeed "stayed" Plaintiff's attempts for this Court's intervention in discovery and all recourse through a stay of access to this Court's power and authority to enforce Fed.R.Cv.P. 26 through 37; this is so as any such motion filed under the rules of discovery would be apart from and unrelated to Defendants' pending motion for sanctions, ECF #29. Placed by this Court in a "catch 22" situation, had Plaintiff entered a motion in this Court to enforce discovery after this Court's *sua sponte* ORDER, ECF #56, he would contravene the order. The ORDER as stated also implies and threatens that a *motion to reconsider* the ORDER would be in contravention as it would be unrelated to ECF #29. Thus, to say that this Court did not stay discovery is wholly intellectually dishonest as ECF #56 took away Plaintiff's due process to invoke the Fed.R.Cv.P. governing discovery; the net effect of ECF #56 is a clear denial of all due process afforded Plaintiff under the Fed.R.Cv.P pertaining to depositions and discovery.

Consequently, and importantly, Plaintiff had absolutely no recourse through this Court and was denied due process. Furthermore, as this Court repeatedly stayed discovery at Defendants' request in all prior lawsuits, on 5/16/2019 Plaintiff motioned this Court to issue an order to Defendants to preserve evidence, ECF #33, to which this Court summarily denied as moot, see ECF #38.

Plaintiff had to ascertain how best to protect any evidence from being destroyed while simultaneously pursue discovery independently of all that Fed.R.Cv.P. provides litigants. This your Plaintiff did accomplish, but with much difficulty.

As such, Plaintiff's reliance on Fed.R.Cv.P. 60(b)(2) clearly applies herein as without the aid of this Court in the enforcement of the rules of discovery, Plaintiff exercised all reasonable diligence but was unable to incorporate this new evidence, ECF #99, ECF #102 and ECF #113 and related pleadings. Defendants failed to argue that these facts were publicly available or made available prior March 9, 2020 or in time for a Fed.R.Cv.P. 59(b); that's because they indeed were not. This argument continues further below in Section III.

**II. The First Claim should never have been dismissed *with prejudice* as repeatedly argued.**

Plaintiff wishes to clarify his prior argument in ECF #114 at ¶¶ 4-5, that the prior argument is consistent with those presented in this REPLY. In arguendo, while the predicates cited in ECF #114 at ¶¶ 4-5 did not arise from a court order *per se*, the injuries alleged would not have been possible without the deference and actions of the state courts. This Court reasoned in ECF #90 that certain alleged predicates are excluded being that "the RICO claim must allege harms to plaintiff that are not incidents of a state court order" and "any possible predicate acts for the RICO claim must not implicate *Rooker-Feldman*."

Plaintiff now clarifies and argues that if this Court applied the *Rooker-Feldman* doctrine to: (1) remove certain predicates and (2) considered the rationale that Plaintiff failed "to adequately plead a predicate act of racketeering activity," yet (3) never identified which alleged predicate(s) fell into this category, then arguably ALL the predicates must be subjected to the same treatment as Defendants actions were either directly or indirectly arising from and connected to Plaintiff's litigation in the domestic relations proceedings and the resulting judgment, orders or rulings. This Court was vague and without providing any specificity as to which alleged predicates fell into the category of "failing to adequately plead a predicate act of racketeering activity," and as such Plaintiff had no way of responding as to which alleged predicate or incident refutes the Court's conclusion; on information and belief Plaintiff asserts that enough incidents of one or more alleged predicates satisfy the sufficiency of the RICO element of at least two. This Court

has not identified a single alleged predicate that is not "inextricably intertwined" with and arising from Plaintiff's litigation in the domestic relations proceedings, judgment, orders, and rulings.

Even more confusing is the Tenth Circuit's finding that "[plaintiff] asserts that he alleged predicate acts of mail and wire fraud, extortion, robbery, peonage, obstruction of enforcement, and involuntary servitude. But he does not say how his allegations would satisfy the elements of these offenses."  On information and belief, Plaintiff is only required to plead the elements in a non-conclusory manner through his allegations, which Plaintiff had done referencing federal jury instructions for those predicates that would satisfy the pleading of the elements that specific felony offense. See ECF #114.

Lacking specificity as to which alleged predicates, or specific incidents of a predicate that was cited failed the Rule 12(b)(6) rationale, Plaintiff's FIRST CLAIM should have been dismissed *without prejudice* either on the *Rooker-Feldman* doctrine or pursuant to Rule 8(a)(2) because of Plaintiff's "prolix amended complaint," ECF #90 at pg. 11 and fn. 8. See *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007)

**III. Plaintiff has met the requirements for relief pursuant to Fed.R.Cv.P. 60(b)(2).**

As stated above, this Court denied all meaningful recourse and access to enforce Plaintiff's due process right to depositions and discovery when it *sua sponte* issued ECF #56.

Herein, Plaintiff again incorporates by reference previous arguments presented in Reply to Defendants' prior Responses to ECF #99, ECF #102, ECF #103 and ECF #113 to establish the following: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011).

Indeed, as presented and argued in ECF #99 the new evidence and facts were not available until recently and only through Plaintiff's diligence in pursuing reputable and qualified sources; this is further proven by Defendants' responses and by the evidence and facts themselves, ECF #99.  Importantly the newly discovered evidence is not only material but casts a wider scope of how broadly the corrupt practices of Defendants Spiegle, Akins, SPAL PC and professional associates like Gross and Fyfe have victimized others besides Plaintiff by employing similar schemes over a significant period under the Enterprise at large; it's not merely cumulative or impeaching but is material and supports the RICO element of continuity in addition to pattern. Consequently, Plaintiff argues that the newly discovered evidence resolves this Court's rationale that Plaintiff failed to adequately argue and show continuity, despite allegations other victims exist; this allegation is now demonstrated to be true and factual.

WHEREFORE, Plaintiff respectfully prays this Court GRANT his MOTIONS for Relief pursuant to Fed.R.Cv.P. 60(b)(1), 60(b)(2), 60(b)(6) and 60(d)(1); and for the Issuance of Subpoenas for a Hearing, in camera, of witnesses for the newly discovered facts and evidence to be presented.

Respectfully submitted,

s/ Gilbert T. Tso
**Gilbert T. Tso**
3700 Quebec Street, #100-228
Denver, CO  80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within *Plaintiff's Reply To Defendants' Response to Motion for Relief from Judgment, ECF #114 and ECF #99 And Plaintiff's Motion for IN-CAMERA Review of New Facts, ECF #102, #103 and #113.* upon all parties herein by depositing copies of same via CM/ECF, this 13th day of April 2021, addressed as follows:

**By CM/ECF:**

Allison R. Ailer, Ass't. Att'y General
State of Colorado
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
E-Mail: allison.ailer@coag.gov
*Counsel of Record

Richard M. Murray, Esq.
Polsinelli P.C. - Denver
1401 Lawrence Street, Ste. 2300
Denver, CO 80202
E-Mail: rmurray@polsinelli.com
   rwarren@polsinelli.com
*Counsel of Record

Robert A. Wolf, Esq.
Sherri L. Catalano
City and County of Denver
1200 Federal Blvd., 4th Floor
Denver, CO 80204
E-Mail: robert.wolf@denvergov.org
*Counsels of Record

Eric M. Ziporin
Jonathan N. Eddy
Senter Goldfarb & Rice, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
E-Mail: eziporin@sgrllc.com
   jeddy@sgrllc.com
*Counsels of Record

Tory D. Riter, Esq.
Kelly L. Kafer, Esq.
Baldwin Morgan & Rider, P.C.
1512 Larimer Street, Ste. 450
Denver, CO 80202
E-Mail: triter@morganrider.com
   kkafer@morganrider.com
*Counsels of Record

Kevin S. Taylor, Esq.
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
E-Mail: ktaylor@talawfirm.com
*Counsel of Record

s/ Gilbert T. Tso_____
**Gilbert T. Tso**
3700 Quebec Street, #100-228
Denver, CO 80207
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*