IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00293-PAB-STV

GILBERT T. TSO,

      Plaintiff,

v.

REBECCA MURRAY, a/k/a Tso, individually,
TANYA AKINS, individually,
SHERR PUTTMANN AKINS LAMB PC, law firm,
JEANNIE RIDINGS, individually,
KILILIS RIDINGS & VANAU PC, a law firm,
RUSSELL MURRAY, individually,
DENA MURRAY, individually,
JOANNE JENSEN, individually,
RICHARD F. SPIEGLE, Psy.D., individually,
ELIZABETH A. STARRS, individually,
CHARLES D. JOHNSON, individually,
ROSS B.H. BUCHANAN, individually,
DAVID H. GOLDBERG, individually,
MONICA JACKSON, individually,
LARA DELKA, individually,
CHRISTIAN MADDY, individually, and
JENNIFER ADELMANN, individually

      Defendants.

_____

## ORDER
_____

      This matter comes before the Court on Plaintiff's Motion for Relief from

Judgment, ECF #91 and from Order, ECF #90 Pursuant to Fed.R.Cv.P. 60(b)(2), (b)(6)

and (d)(1); and for Subpoena and In Camera Review re: New Facts [Docket No. 113]

and Plaintiff's Motion for Relief from Judgment, ECF #91 and from Order, ECF #90

Pursuant to Fed.R.Cv.P. 60(b)(1) and 60(b)(6) re: Rule 8(a)(2) and Rule 12(b)(6) in

FIRST CLAIM [Docket No. 114].  Defendants Tanya Akins, Sherr Puttmann Akins Lamb, P.C., Jeannie Ridings, Kililis Ridings & Vanau, P.C., Richard F. Spiegle, Psy.D., City and County of Denver, Denver Department of Human Services, Monica Jackson, Lara Delka, Christian Maddy, Jennifer Adelmann, Don Mares, Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Barry Pardus, Michael Dixon, Cynthia Coffman, 2nd District Court, Denver County, CO, the Colorado Department of Human Services, and the Colorado Division of Motor Vehicles filed a joint response to plaintiff's two motions [Docket No. 116].  Defendants Joanne Jensen, Dena Murray, Rebecca Murray, and Russell Murray joined the response [Docket No. 117].  Plaintiff replied [Docket No. 119].[1]

## I.  BACKGROUND

This case arises from the dissolution of plaintiff's marriage to defendant Rebecca Murray and the resulting domestic proceedings in Illinois and Colorado.  In an earlier case, the Court dismissed all of plaintiff's claims as barred by the *Rooker-Feldman* doctrine.  *See* No. 17-cv-02523-PAB-STV ("*Tso II*"), Docket No. 188.[2]  After the Court entered judgment in *Tso II*, plaintiff filed this lawsuit on February 1, 2019.  Docket No. 1.  On February 4, 2019, in *Tso II*, the Colorado defendants[3] moved to restrict plaintiff from

---

[1] Plaintiff filed a reply on April 13, 2021, Docket No. 118, and an amended reply on April 14, 2021.  Docket No. 119.  The Court will consider the amended reply, Docket No. 119, to be the operative reply.

[2]  Plaintiff appealed and the Tenth Circuit affirmed the Court's order dismissing that case.  *Tso II,* Docket No. 234.

[3] The "Colorado defendants" are Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Barry Pardus, Michael Dixon, Cynthia Coffman, the 2nd District Court, Denver County, CO, Colorado Department of Human Services, and the Colorado Division of Motor Vehicles.  Docket No. 29 at 1.

filing additional *pro se* lawsuits in this Court related to the Illinois and Colorado domestic proceedings. *Tso II*, Docket No. 207. On May 15, 2019, the Colorado defendants filed a motion for sanctions, which was substantially similar to a motion filed in *Tso II*. Docket No. 29. Plaintiff subsequently filed an amended complaint. Docket No. 52. The amended complaint brought three claims pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq*., five claims challenging the constitutionality of various orders and statutes, and three state-law claims pursuant to the Colorado Organized Crime Control Act ("COCCA"). *Id.* The magistrate judge *sua sponte* stayed the deadline for defendants to respond to the amended complaint and any further filings made by plaintiff pending a ruling on defendants' motion for sanctions. Docket No. 56. Plaintiff moved for sanctions against defendants for bringing a sanctions motion against him, *see* Docket No. 57, which the magistrate judge denied. Docket No. 61. The Court overruled plaintiff's objection to both orders. Docket No. 68. The Tenth Circuit dismissed plaintiff's appeal of both orders for lack of jurisdiction. Docket No. 69.

On August 23, 2019, the magistrate judge issued a recommendation that the Court grant the motion for sanctions and dismiss the case. Docket No. 73. The Court adopted the magistrate judge's recommendation as to both. Docket No. 90. The Court dismissed the amended complaint because the alleged injuries to plaintiff related to the litigation of his domestic relations proceedings in state court were not the result of "racketeering activity" within the meaning of RICO, *id.* at 12; even if plaintiff had adequately alleged the requisite predicate acts of racketeering, the amended complaint did not satisfy RICO's continuity requirement, *id.*; plaintiff's two other RICO claims and

five constitutional claims were barred by the *Rooker-Feldman* doctrine, *id.* at 15; and the Court declined to exercise supplemental jurisdiction over the remaining state-law claims, *id.* The Court entered final judgment against plaintiff on March 10, 2020, which he appealed. Docket Nos. 91, 92. On March 3, 2021, the Tenth Circuit entered an order affirming the dismissal of the case and imposition of filing restrictions, and the mandate issued March 25, 2021. Docket No. 108 at 6; Docket No. 115.

On March 9, 2021, plaintiff filed the two instant motions.[4] In Docket No. 113, plaintiff argues that he has new, previously unavailable evidence that shows that he can satisfy the continuity requirement of RICO, the lack of which led to the dismissal of his first claim. Docket No. 113 at 2. In Docket No. 114, plaintiff argues that the Court erred in dismissing plaintiff's first claim with prejudice under Rule 12(b)(6) as opposed to without prejudice under Rule 8(a)(2). Docket No. 114 at 4.

## II.  DISCUSSION

### A.  Docket No. 113

Plaintiff asks the Court to take notice of new facts that were previously unavailable, to set aside the Court's judgment dismissing claim one, and to allow limited

---

[4] While plaintiff's appeal was pending, he filed Plaintiff's Motion Pursuant to Fed.R.Cv.P. 62.1 for an Indicative Ruling on a Fed.R.Cv.P. 60(b)(2) and (b)(6), (d)(1) Motion for Relief from Judgment, ECF #91; and from Order, ECF #90. Docket No. 99. Rule 62.1 "allows the district court to indicate to the court of appeals whether it would grant a Rule 60(b) . . . motion during the pendency of an appeal when the district court has been divested of jurisdiction." *United States v. Neihart*, 755 F. App'x 760, 762 (10th Cir. 2018) (unpublished). Because the Tenth Circuit has ruled on plaintiff's appeal and the mandate has issued, the Court will deny this motion as moot. The Court additionally notes that the arguments presented in the Rule 62.1 motion are contained within plaintiff's instant motions, and the Court would deny the Rule 62.1 motion on the merits for the same reasons as given below if the motion was not moot.

discovery regarding the new facts.  Docket No. 113 at 2.  Plaintiff brings this motion pursuant to Fed. R. Civ. P. 60(b)(2), (b)(6), and (d)(1).  *Id.* at 1-2.

### 1.  *Rule 60(b)*

Rule 60(b) states that the court may relieve a party from a final judgment under certain limited circumstances.  Fed. R. Civ. P. 60(b).  Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances."  *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

### i.  Rule 60(b)(2)

Rule 60(b)(2) allows a court to relieve a party from final judgment because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2). To be eligible for relief under Rule 60(b)(2), the moving party must show: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1290 (10th Cir. 2005) (internal quotation marks and citation omitted).  In this case, plaintiff seeks relief from an order dismissing the case, not from the result of a trial, but the required showing under Rule 60(b)(2) remains the same.  *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (citing *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257-58 (5th Cir. 2003) (applying Rule 60(b)(2)'s newly discovered evidence standard to a motion for relief from the district court's dismissal of the suit)).

Plaintiff's first RICO claim related to alleged litigation misconduct during domestic proceedings by defendants Rebecca Murray, Russell Murray, Dena Murray, Jensen, Spiegle, Ridings, Akins, Sherr Puttmann Akins Lamb PC ("SPAL PC"), and Kililis Ridings & Vanau PC ("KRV PC").  Docket No. 52 at 82-83.  Plaintiff alleged that the failure of Rebecca Murray and her attorneys to return title to him of a Chicago property, "churning litigation with unnecessary court pleadings," and using "'expert witnesses' to further false or tailored narrative and to manufacture controversies to induce a litigation advantage" constituted RICO violations.  Docket No. 73 at 34.

A pattern of activity under the RICO statute means "a series of related predicates that together demonstrate the existence or threat of continued criminal activity."  *RJR Nabisco, Inc. v. European Cmty*, 136 S.Ct. 2090, 2096-97 (2016).  This threat of continuity may be shown by demonstrating that "the predicate acts or offenses are part of an ongoing entity's regular way of doing business."  *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989).  Demonstrating the existence of a pattern of racketeering activity may be satisfied by a "showing that predicate acts have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events . . . ."  *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).

The Court held that the acts alleged by plaintiff did not qualify as racketeering activity under RICO.  Docket No. 90 at 12 ("the alleged injuries to plaintiff related to the litigation of his domestic relations proceedings in state court were not the result of 'racketeering activity' within the meaning of RICO").  The Court went on to find that, even assuming that plaintiff had adequately alleged racketeering acts, the complaint did

not contain a pattern of racketeering activity because plaintiff did not establish the requisite continuity. *Id.* The Court held that plaintiff failed to show continuity because the complaint only alleged acts by defendants against plaintiff and did not allege a clear threat of future criminal conduct. *Id.* at 13

Plaintiff alleges that he has newly discovered evidence that shows that Akins, SPAL PC, and Spiegle are part of a larger enterprise to corrupt proceedings for personal enrichment within the domestic relations courts of Colorado and Illinois, and thus can satisfy the pattern element of his RICO claim. Docket No. 113 at 4, 11. Plaintiff claims that on September 18, 2020 he received an unsolicited phone call from an unknown person seeking to discuss matters relating to a complaint against Spiegle that the unknown party had filed with the Colorado Department of Regulatory Agencies ("DORA"). *Id.* at 4-5. Plaintiff then met with this unknown party, where he learned that SPAL PC and Akins initially represented this party in a divorce and custody case in the Denver District Court between 2015 and 2017, during which time Akins brought on Dr. Gene Gross and Dr. William Fyfe to serve as forensic evaluators, and later Spiegel was assigned to the case. *Id.* at 5. The unknown party subsequently sent a text message to plaintiff containing the same information. *Id.* After Spiegle was brought onto the case, the unknown party fired SPAL PC and Akins, but Spiegle remained as the family's therapist by court order. *Id.*

Plaintiff states that further meetings with the unknown party and other persons produced records and documentation of a network of attorneys, psychologists, and

psychiatrists acting to corrupt the domestic relations courts across Colorado;[5] a list of associations between attorneys, custody evaluators, and law firms provided by victims of the network; allegations by victims that certain law firms used falsified reports, unsupported allegations, and intentional misrepresentations to fuel high conflict custody disputes for personal enrichment; and the fact that Akins worked for a different law firm alleged to be part of the network before joining SPAL PC. *Id.* at 7-8.

Plaintiff states that on December 8, 2020, he received a phone call from another individual who told him that "Akins was involved in their custody litigation, that Akins involved Fyfe, and that Akins and Fyfe are alleged to have corruptly manipulated the facts and evidence to churn litigation to produce a targeted outcome." *Id.* at 7. This individual had collected testimony from "more than a few dozen alleged victims of Akins and other lawyers" and was familiar with at least two schemes identified in plaintiff's amended complaint. *Id.* at 7-8. Plaintiff additionally references a March 2, 2021 article that describes a Missouri scheme by professionals involved in divorce and custody disputes to churn litigation and generate billable hours through altering evidence and billing for harmful services. *Id.* at 9-10. Plaintiff argues that this is relevant because it shows that the scheme he alleges is present not only in Colorado and Illinois, but also in Missouri. *Id.* at 10.

---

[5] Plaintiff asserts that "[t]hese meetings produced additional facts including the following: (a) Records and documentation exist showing networks of attorneys, law firms, psychologists and psychiatrists acting in cahoots to corrupt the domestic relations courts across Colorado, predominantly in Denver, Arapahoe, Jefferson, Adams, Weld, Boulder, and Douglas counties." Docket No. 113 at 6. It is unclear from this statement whether the meetings informed plaintiff of the fact that there are records and documentation of the alleged collusion, or that they produced actual records and documentation. Plaintiff does not provide any records or documentation with his motion, so the Court assumes the former.

The crux of plaintiff's argument is that he can now show that there is continuity because he has gathered evidence from other parties who were victims of the network of lawyers and custody evaluators who colluded to manipulated outcomes in custody litigation for personal enrichment.  *Id.* at 14.

The alleged acts, however, are of the same type that the Court concluded were not racketeering acts in its prior order.  *See* Docket No. 90 at 12.  The magistrate judge found, and this Court affirmed, that the alleged conduct by defendants of "churning litigation with unnecessary court pleadings" and using "'expert witnesses' to further false or tailored narrative and to manufacture controversies to induce a litigation advantage" did not constitute a crime, much less racketeering activity.[6]  Docket No. 73 at 33-34; Docket No. 90 at 12.  The conduct alleged by plaintiff now is more of the same, albeit conduct against people other than himself.

Because plaintiff has failed to allege any acts that are racketeering acts, he cannot prove that the case would have come out differently at trial.  *See Dronsejko*, 632 F.3d at 670.  Even assuming that the facts alleged are racketeering acts, he has failed to meet the requirements of *Dronsejko*.  Plaintiff claims that the magistrate judge's denial of discovery prevented him from uncovering this evidence and that it proves a pattern.  Docket No. 113 at 11-12.  However, the allegedly new evidence came from third parties that are separate from this litigation; it is unclear how plaintiff would have discovered this evidence during litigation.  Additionally, plaintiff is unable to show that the newly discovered evidence would probably produce a different result at trial given

---

[6] Additionally, the Tenth Circuit found that plaintiff "waived a challenge to the district court's reliance on the failure to adequately plead a predicate act."  Docket No. 108 at 5.

that it is merely him recounting conversations with third parties purporting to also be victims of the enterprise. *See id.* at 4-10. Finally, in dismissing plaintiff's appeal, the Tenth Circuit "conclude[ed] that the magistrate judge did not erroneously stay discovery."[7]  Docket No. 108 at 6.

Plaintiff has not identified any particular acts that could establish continuity. The closest he comes is describing his meeting with an "unknown person" and "another private individual" who both told plaintiff that Akins was part of their custody dispute, Akins involved Dr. Fyfe, and Akins and Dr. Fyfe manipulated the facts to churn litigation. *See* Docket No. 113 at 5, 7. These facts are insufficient to prove that the case probably would have come out differently at trial. *See Dronsejko*, 632 F.3d at 670. The rest of his allegations involve assertions that certain law firms and custody evaluators were associated with one another in "multiple incidents alleged by victims involving falsified reports and unsupported allegations." Docket No. 113 at 7. The Court finds that plaintiff has failed to allege any newly discovered racketeering acts that would probably produce a different result at trial. *See Dronsejko*, 632 F.3d at 670.

### ii.  Rule 60(b)(6)

Under Rule 60(b)(6), the Court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief."   Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case."   *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).  Relief under Rule 60(b)(6) is appropriate when circumstances

---

[7] Plaintiff additionally argues that the Court may have held his pro se complaint to the same standard of pleading as a complaint by an attorney. Docket No. 113 at 12. This argument does not provide a basis for relief from judgment.

are so "unusual or compelling" that extraordinary relief is warranted, or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent or when it offends justice to deny such relief. *Id.* at 579; *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999) ("Rule 60(b)(6) relief is even more difficult to attain").

The Court finds that relief is improper under Rule 60(b)(6) for the same reasons that it is improper under Rule 60(b)(2). Plaintiff has failed to show that the circumstances of this case are unusual or that it would offend justice to deny plaintiff's requested relief.

### 2. Rule 60(d)(1)

Rule 60 contains a saving clause that provides that the rule "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). "An independent action is a separate action, sounding in equity, that seeks to set aside a judgment 'to prevent a grave miscarriage of justice.'" *Atkins v. Heavy Petroleum Partners, LLC*, 635 F. App'x 483, 486 (10th Cir. 2015) (unpublished) (quoting *United States v. Beggerly*, 524 U.S. 38, 45-47 (1998). "No such thing as a Rule 60(d)(1) motion actually exists." *McIntosh v. Pruitt*, 832 F. App'x 540, 542 n.1 (10th Cir. 2020) (unpublished). Because plaintiff also argues for relief under Rule 60(d)(1) in his motion for relief under Rule 60(b)(2) and (6), Docket No. 113 at 1, the motion is not an independent action, and the Court will therefore deny

it.  Even if it were appropriate to consider Rule 60(d)(1) relief in this order, the Court would deny it for lack of a grave miscarriage of justice in this case.

### B.  Docket No. 114

In Docket No. 114, plaintiff asks the Court for relief from judgment under Fed. R. Civ. P. 60(b)(1), (b)(6), and (d)(1).  Docket No. 114 at 1-2.  Rule 60(b)(1) permits a court to relieve a party from final judgment due to "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Plaintiff argues excusable neglect because the Court never identified "how his allegations would satisfy the elements of the *predicates*, as opposed to the elements for sufficiently pleading an 18 USC §1962 [sic] claim."  Docket No. 114 at 4.  Plaintiff claims that he is "prone to excusable neglect" because he is not an attorney. [8]  *Id.*  However, that is not the standard.

"Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."  *Doran Law Off. v. Stonehouse Rentals, Inc.*, 678 F. App'x 733, 736 (10th Cir. 2017) (unpublished) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).  The fact that plaintiff is not an attorney does not warrant relief from judgment.  Additionally, plaintiff's argument is fundamentally flawed.  He argues that he is entitled to relief from judgment because the order entering the judgment did not identify that he had failed to state predicate acts.  *See* Docket No. 114 at 4.  Apart from being an incorrect reading of the Court's order, the Court's description of plaintiff's failure to state a claim in an order dismissing a complaint does not confer

---

[8] Plaintiff also appears to argue that the Court should not have applied the *Rooker-Feldman* doctrine.  *See* Docket No. 114 at 4.  The Tenth Circuit upheld this Court's application of the *Rooker-Feldman* doctrine, Docket No. 108 at 3-4, and the Court therefore rejects this argument.

any "excusable neglect" on plaintiff.  To the extent plaintiff argues that the Court

reached an incorrect determination in finding that plaintiff failed to plead a predicate act

of racketeering, *see* Docket No. 114 at 3-4, the Tenth Circuit affirmed the Court's

decision.  *See* Docket No. 108 at 5 (stating that plaintiff's appeal did not address the

Court's finding of a failure to adequately plead a predicate act of racketeering and that

plaintiff had thus waived that challenge).  Accordingly, the Court will deny plaintiff's

motion for relief from judgment under Fed. R. Civ. P. 60(b)(1).[9]  Plaintiff presents no

arguments warranting relief from judgment under Fed. R. Civ. P. 60(b)(6) and (d)(1),

and the Court therefore finds that he is not entitled to relief from judgment under these

provisions.[10]

## III.  CONCLUSION

For the foregoing reasons, it is

---

[9] In his reply, plaintiff "clarif[ies]" that his argument is that, if his complaint was dismissed, it should have been without prejudice either under Rule 8(a)(2) or the *Rooker-Feldman* doctrine, as opposed to with prejudice for failure to state a claim.  *See* Docket No. 119 at 4-5.  The Tenth Circuit affirmed this Court's dismissal of claim one for failure to state a claim, *see* Docket No. 108 at 2, and the Court therefore rejects this argument.

[10] On November 25, 2020, plaintiff filed Plaintiff's Motion for Subpoena and In Camera Review re: New Facts Presented in ECF #99, and in Reply to ECF #100.  Docket No. 102.  Plaintiff asks the Court to enter an order permitting him to serve a subpoena on DORA and for the Court to conduct an in-camera review of records related to DORA case no. 2020-5533 and Dr. Gene D. Gross.  *Id.* at 1.  This Court dismissed this case, entered judgment against plaintiff, the Tenth Circuit affirmed, and the Court will now deny plaintiff's motions for relief from judgment.  *See* Docket Nos. 90, 91, 108. Accordingly, the Court will deny plaintiff's motion to subpoena records for a case that is closed.

**ORDERED** that Plaintiff's Motion Pursuant to Fed.R.Cv.P. 62.1 for an Indicative Ruling on a Fed.R.Cv.P. 60(b)(2) and (b)(6), (d)(1) Motion for Relief from Judgment, ECF #91; and from Order, ECF #90 [Docket No. 99] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for Subpoena and In Camera Review re: New Facts Presented in ECF #99, and in Reply to ECF #100 [Docket No. 102] is **DENIED**.  It is further

**ORDERED** that Defendants Akins, Sherr Puttman Akins Lamb, P.C., Ridings, and Kililis Ridings & Vanau, P.C.'s Joinder in Response to [ECF No. 104] to Plaintiff's Motion for Subpoena and In-Camera Review [ECF No. 102] [Docket No. 106], construed as a motion to join defendant Spiegle's Response to Plaintiff's Motion for Subpoena and In Camera Review (ECF No. 102) [Docket No. 104], is **GRANTED**.  It is further

**ORDERED** that Plaintiff's Motion for Relief from Judgment, ECF #91 and from Order, ECF #90 Pursuant to Fed.R.Cv.P. 60(b)(2), (b)(6) and (d)(1); and for Subpoena and In Camera Review re: New Facts [Docket No. 113] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for Relief from Judgment, ECF #91 and from Order, ECF #90 Pursuant to Fed.R.Cv.P. 60(b)(1) and 60(b)(6) re: Rule 8(a)(2) and Rule 12(b)(6) in FIRST CLAIM [Docket No. 114] is **DENIED**.

DATED September 15, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge